### SPRINGSTEAD et al. v. NEES et al.

(Supreme Court, Appellate Division, Second Department. March 6, 1908.)

1. CONTRACTS—CONSIDERATION—FORBEARANCE TO ASSERT LEGAL OR EQUITABLE CLAIM.

Forbearance to assert either a legal or an equitable claim is sufficient consideration for a contract; but where the claim is not even doubtful, colorable, or plausible, in that there is no reason for an honest belief that it has some foundation in law or in equity, forbearance applied to it is not good consideration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 325–327.]

2. SAME.

On the death of a father, a deed to him as trustee for defendants, two of his children, was discovered in his strong box. Plaintiffs, his other children, expressed surprise and dissatisfaction, whereupon defendants promised to assert no claim to other property if plaintiffs would not claim the property covered by the deed. *Held* that, it not appearing that the deed was invalid, that there was any ground for attacking it, that plaintiffs had any color of right to the property covered thereby, that anything was ever done in consequence of defendant's promise, or that the rights of the parties were thereby in any way changed, the promise was without consideration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 325–327.]

Hooker, J., dissenting.

Appeal from Special Term, Kings County.

Action by Anna Springstead and others against George Nees and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Ralph G. Barclay, for appellants.
Ralph K. Jacobs, for respondents.

JENKS, J. This action was tried by stipulation as a common-law action before the court without a jury. The parties are all of the surviving children of Nees, deceased, who died intestate, leaving them his sole heirs at law. Nees died, the owner and seised of realty called the "Sackett Street Property" and the owner of realty, called the "Atlantic Avenue Property," which he held by deed to him as trustee for his children, Sophia and George. Shortly after Nees' death all of the parties, an attorney at law, and friends met in Nees' house. Nees' strong box was opened, and when the deed to the Atlantic avenue property was found therein the attorney handed it to Sophia, saying: "This is yours." The evidence for the plaintiffs is that they, or some of them, were surprised to learn that this deed was to their father in trust for two of the children; for theretofore they had believed that he was the owner and seised in fee. They expressed their surprise, and there were murmurings. Thereupon Sophia spoke up, saying, "We will give you our share in the Sackett street property if you don't bother us about the Atlantic avenue property," and George assented. The Sackett street property was sold thereafter. This action is brought by the other three children against Sophia and George, upon that alleged promise of Sophia and George, to recover their proportionate share of the proceeds of that sale. Sophia and George testified that no such promise ever was made. The learned court gave judgment for the defendants, dismissing the complaint, with costs.

After finding the preliminary facts, which were not disputed, the court found that the defendants, after the death of their father, were seised in fee simple of the Atlantic avenue property and held indefeasible title thereto; that the plaintiffs had no color of right in the Atlantic avenue property, and did not at any time threaten or attempt to assert any claim of right hostile to the defendants in that property; that there was no compromise, either wholly or partly executed, between the parties, affecting rights which the plaintiffs might have in that property; that the plaintiffs had given up no rights in that property, nor had they changed their position therein; and that a promise (referring to which I have heretofore described as shown by the testimony for the plaintiffs) made by the defendants to the plaintiffs that, if the plaintiffs "would not 'molest,' or 'bother,' or 'make a fuss' about, the defendants' rights on the Atlantic avenue property, the defendants would give the plaintiffs their share in the Sackett street property, if made, would have been without consideration." The plaintiffs appeal.

The record sustains the facts found. Assuming that such promise was made, I am of opinion that there was no consideration shown. In Rector, etc., v. Teed, 120 N. Y. 583, 24 N. E. 1014, Vann, J., for the court says (pages 586, 587 of 120 N. Y., page 1015 of 24 N. E.):

"'A valuable consideration may consist of some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other.' 3 Am. & Eng. Cyclopedia of Law, 831; Currie v. Misa, L. R. 10 Ex. 162; Chitty on Cont. (9th Am. Ed.) 29; 2 Kent's Comm. 465. It is not essential that the person to whom the considera-

tion moves should be benefited, provided the person from whom it moves is in a legal sense injured. The injury may consist of a compromise of a disputed claim or forbearance to exercise a legal right; the alteration in position being regarded as a detriment that forms a consideration independent of the actual value of the right forborne."

The consideration for the promise cannot be found in the fact that there was a compromise of a disputed claim, for there is no evidence thereof. It must rest, then, upon the forbearance to exercise a legal right. Forbearance to assert either a legal or an equitable claim is sufficient consideration, as we have seen. See, also, Wharton on Contracts, § 532, and authorities cited; Leake on Contracts (Randall's Ed.) 438; 1 Parsons on Contracts (15th Ed.) p. 441. It seems unnecessary to consider the conflict over the question whether forbearance as to a claim without foundation can constitute good consideration. See 1 Parsons on Contracts (8th Ed.) p. 441, note, discussing the various authorities. It seems to be the rule with us that it is not essential that the claim should be valid; but it is enough if it could be regarded as doubtful or colorable. In White v. Hoyt, 73 N. Y. 515, the court cites the language of Richardson v. Mellish, 2 Bing. 229: "It is not necessary that the party should have a right to hold, if he be doubtful whether he has a right to hold"—and of Mr. Chitty, when he describes a claim as "colorable." See Cox v. Stokes, 156 N. Y. 491–505, 51 N. E. 316; Zoebisch v. Von Minden, 120 N. Y. 406–419, 24 N. E. 795. But if the claim be not even doubtful, or colorable, or plausible, in that there is no reason for an honest belief that it has some foundation in law or in equity, then forbearance applied to it is not good consideration. Parsons in his final note (ut supra) says:

"In all jurisdictions it would be admitted that forbearance of a claim is no consideration, if the claimant knows his claim to be unfounded or conceals material facts relating thereto"—citing authorities.

Wharton on Contracts, § 532, says:

"The fact that the suit is not well founded makes no difference, if it has a show of title, though it is otherwise in cases of fraud, and in cases where the claim to be forborne is utterly destitute of support."

See, too, Parsons, supra; Bishop on Contracts, § 63, and note; Wald's Pollock on Contracts, p. 214; Leake on Contracts, p. 439; Smith on Contracts (7th Ed.) p. 187, note 1.

In the case at bar the court, as I have said, found properly that the plaintiffs had no color of right in the Atlantic avenue property; nor did they at any time threaten or attempt to assert any claim. The evidence of the plaintiffs is that, when they were surprised to find that the deed to the Atlantic avenue property was in trust for but two of their number, thereupon and without any further reason, save that they expressed surprise and were dissatisfied, the defendants made the promise in question. The promise was not even in response to any suggestion of any possible claim then or thereafter against the deed, or despite it, or of any action adverse to it. There was no suggestion, then or at any time thereafter, made that the deed was invalid for any reason, or of any

ground upon which it was open to attack. Indeed, I can discover no reason upon the evidence how any of the parties could seriously suppose that even a doubtful or a colorable claim could be asserted then or thereafter. It does not appear that anything was ever done, then or thereafter, in consequence of the alleged promise, or that the rights of the parties were in any way thereby changed or affected.

I think that the judgment must be affirmed, with costs. All concur, except HOOKER, J., who dissents.

HOOKER, J. (dissenting). The circumstances surrounding the opening of the strong box after decedent's death and the finding there of a deed running to the defendants, and the conversation then between the children, seem to me such as to present a situation where there was at least color of a valid claim by the plaintiffs, by reason of their heirship, to the Atlantic avenue property. One of these circumstances is that the strong box where the deed was found belonged to the decedent, and it might well be doubted whether there had ever been a delivery of the deed before the grantor's death, which was necessary to pass title. If such claim was open to be urged, there was consideration for the promise.

The judgment should be reversed.