## MOSKOWITZ v. HERSKOWITZ.

(Supreme Court, Appellate Term, First Department.  June 28, 1916.)

LANDLORD AND TENANT ⊜⇒184(2)—RENT SECURITY DEPOSIT—RIGHT TO RETURN.

In action by former tenant for return of part of deposit for rent security, alleging that landlord agreed to return to plaintiff such part, in consideration of which plaintiff did not contest dispossess proceedings for nonpayment of rent, *held*, under the terms of the lease, such agreement was without consideration as plaintiff had no defense to the dispossess proceedings, being in arrears.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 745–748; Dec. Dig. ⊜⇒184(2).]

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Nathan Moskowitz against Rose Herskowitz. From a judgment for plaintiff, and dismissing defendant's counterclaim, defendant appeals. Reversed, and judgment directed for defendant.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Louis Rosenberg, of New York City, for appellant.

Max Silverstein, of New York City, for respondent.

GUY, J. The action is brought to recover part of the moneys deposited by plaintiff, as tenant, with the defendant landlord as security for the faithful performance of the terms of a written lease beginning September 22, 1914, for a term of three years. The complaint alleges that in September, 1915, dispossess proceedings were brought by defendant against plaintiff for nonpayment of rent, and that, by an agreement entered into between plaintiff and defendant before the return day in said proceedings, defendant accepted from plaintiff a surrender of the premises and agreed to return to plaintiff half of the money so deposited by plaintiff with defendant, and that, in consideration of said agreement, plaintiff refrained from appearing in court, and a warrant was issued awarding possession of the premises to the defendant landlord, thus terminating the relationship of landlord and tenant between the parties thereto.

The lease provides that the institution of summary proceedings and the final issuance of a warrant shall not terminate the obligation of the tenant to pay rent under the lease, but that the said obligation shall survive. The evidence shows that plaintiff was in default as to payment of rent for the month of September, 1915; that he had failed to remedy violations filed in the tenement house department, and had, in addition thereto, left the premises in an otherwise defective condition. Plaintiff's evidence fails to prove any surrender of the premises by plaintiff and acceptance of the surrender by the defendant. Taking plaintiff's version of it, which is contradicted by the defendant, it was an agreement, without consideration, to return to plaintiff a part of the moneys deposited by him as security, to the whole or greater part of which defendant would be entitled as damages resulting from plaintiff's failure to perform his contract.

It cannot be argued that there was a consideration for this promise in plaintiff's forbearing to appear and defend in the dispossess proceedings, for the uncontradicted evidence shows that plaintiff was in default; that under the lease the landlord was entitled to take possession, and plaintiff's obligation to pay rent survived the issuance of any warrant awarding possession to the defendant landlord. Sprinstead v. Nees, 125 App. Div. 230, 109 N. Y. Supp. 148; Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203. "An agreement to forbear * * * to enforce a well-founded claim is a valid consideration for a promise, but this consideration fails if it be shown that the claim is wholly and certainly unsustainable at law or in equity." Parsons on Contracts (8th Ed.) p. 441. Under the terms of the lease the defendant is entitled to retain the moneys deposited by plaintiff

with defendant until the expiration of the term of the lease as security for the full performance by plaintiff of the covenants of the lease.

Plaintiff having, therefore, failed to make out a cause of action, the judgment must be reversed, with $30 costs, and judgment directed in favor of the defendant, with costs. All concur.