THE RECTOR, CHURCH WARDENS AND VESTRYMEN OF ST. MARK'S CHURCH, IN THE TOWN OF NEWCASTLE, Respondent, *v.* CHARLES G. TEED, Appellant.

*126-298.*
*132-209.*

It is not necessary that the person to whom a valuable consideration for a promise on his part moves should be benefited to make the promise binding; it is sufficient if the person from whom it moves is in a legal sense injured.

The injury may consist of a compromise of a disputed claim, or forbearance to exercise a legal right; the alteration in position being regarded as a detriment that forms a consideration independent of the actual value of the right forborne.

L. died leaving a will, which defendant as executor presented for probate. Objections were filed by T., the only heir at law and next of kin of L.; he agreed to withdraw said objections if defendant would pay to plaintiff $500, as provided in an instrument to be executed by him. Said instrument was duly executed by defendant and delivered to plaintiff. By its terms, "for value received," defendant promised to pay to plaintiff $500, on the understanding that plaintiff should appropriate the interest thereof "to the improvement, adornment and care-taking of the churchyard" of plaintiff's church, but that payment should not be exacted until after the death of T. T. thereupon withdrew his objections and the will was admitted to probate. Neither plaintiff nor defendant had any interest in the estate of L., but one objection made by T. to probate of the will was that the testator had agreed to leave $500 to plaintiff. In an action upon said agreement, brought after the death of T., *held,* that the withdrawal of his objections by T. at defendant's special request was the forbearance of a legal right and constituted a consideration sufficient to support his promise, although he was to receive no benefit; that, as the agreement recited a consideration, the burden of proof was on defendant to show that there was none, and if such a claim was based on the ground that the testator left no property, it was for him to prove it; that plaintiff became T.'s appointee and, upon receiving from him the agreement or evidence of the promise, it became his donee, and thus privity was established between the parties and the action was maintainable.

Reported below, 44 Hun, 349.

(Argued April 18, 1890; decided June 24, 1890.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 9, 1887, which reversed a judgment in favor of defendant entered upon the decision of the court on trial at Special Term, and granted a new trial.

This was an action on a written instrument whereby the defendant promised to pay to the plaintiff, a religious corporation, the sum of $500.

The answer alleged that the promise to pay, contained therein, was made without any consideration, good, valuable or otherwise, and that it is of no force or effect.

Upon the trial, it appeared that, on February 1, 1875, one Lewis T. Wright died leaving a last will and testament, which in due time was presented for probate to the surrogate of the proper county, by the defendant, who was the executor named therein. Objections to the probate of the will were filed by Thomas Wright, the only brother, heir at law and next of kin of the decedent. On the 14th of April, 1875, while the issue was on trial, the defendant, desiring that the contest should be withdrawn, made an arrangement with Thomas Wright whereby the latter agreed to withdraw his opposition to the probate of the will, provided the former would pay the plaintiff the sum of $500 " in the manner, at the time, on the conditions and for the purpose expressed in the undertaking or obligation hereinafter set forth." The defendant agreed to and accepted said terms of compromise and thereupon executed and delivered the instrument in question, of which the following is a copy :

"For value received, I hereby promise to pay to Saint Mark's Church, New Castle, Westchester County, the sum of five hundred dollars. It is understood that said Church will appropriate the interest of said money to the improvement, adornment and care-taking of the Church Yard of said Church ; but the payment thereof shall not be exacted till the decease of Thomas Wright. It is further understood that upon the execution and delivery by the residuary legatees named in the Will of Lewis Wright of a written agreement or a sufficient

promise to bind them instead of the undersigned to the above, then this writing shall be destroyed or delivered to the undersigned.

"In presence of                         CHAS. G. TEED.
       "LEWIS C. PRATT.
"Dated *April* 14*th*, 1875."

In consideration of the execution and delivery of this agreement by the defendant, said Thomas Wright withdrew his objections to the probate of the will, which was immediately admitted to probate and letters testamentary were issued to the defendant thereon. Neither the plaintiff nor the defendant had any interest in the estate of said decedent, either through the will or otherwise, but one ground of objection to the probate was that the testator had agreed to leave $500 to the plaintiff. The legatees were relatives of the defendant, and on their account he desired that the contest should be abandoned.

Said instrument was duly delivered to the plaintiff, and it has ever since been the lawful owner and holder thereof. Thomas Wright died September 20, 1882, and said agreement had never been complied with by the residuary legatees, nor performed by the defendant.

The trial judge, after finding the foregoing facts, in substance, found as a conclusion of law that the complaint should be dismissed, with costs.

*Wm. H. Robertson* for appellant. The plaintiff had no interest in the probate of the will or in setting the same aside; the promise, therefore, of the defendant is without consideration and the plaintiff is not entitled to recover thereon. (*Seaman* v. *Seaman*, 12 Wend. 381.) Neither the defendant nor the plaintiff had any interest in the estate of Lewis T. Wright, nor in the probate of said will, and there was no privity between the plaintiff and defendant, nor between the plaintiff and Thomas Wright, nor any duty or obligation of Thomas Wright to the plaintiff, entitling the plaintiff to

recover upon the paper-writing set out in the complaint. (*Vrooman* v. *Turner*, 69 N. Y. 280, 283, 284; *Gurnesey* v. *Rogers*, 47 id. 233; *Turk* v. *Ridge*, 41 id. 201; *Merrill* v. *Green*, 55 id. 270; *Dunning* v. *Leavitt*, 85 id. 30.) The defendant herein is a stranger to the estate, having no interest in the probate or non-probate of said will, and, as such executor, had no authority to make any such promise and thereby bind the estate. (*Bolles* v. *Bacon*, 3 Dem. 44; *In re Wilson*, 103 N. Y. 376; *Seaman* v. *Seaman*, 12 Wend. 381.)

*Walter Edwards* for respondent. The agreement or promise of defendant was upon a good and valuable consideration and entirely valid and obligatory. (Chitty on Cont. 29; 10 Barb. 308, 313; 2 Kent's Comm. 465; *Seaman* v. *Seaman*, 12 Wend. 381; *Stewart* v. *Ahrenfeldt*, 4 Den. 189; *Russel* v. *Cook*, 3 Hill, 504; *Palmer* v. *North*, 35 Barb. 382; *Feeter* v. *Weber*, 78 N. Y. 334; *Dunham* v. *Griswold*, 100 id. 224.) There being a valid consideration moving from Thomas Wright, at defendant's request, even if the undertaking or promise of the defendant had been to Thomas Wright, but for the benefit of the plaintiff, the plaintiff might still maintain this action and recover upon the promise. (*Schermerhorn* v. *Vanderheyden*, 1 Johns. 139; *Cumberland* v. *Coddington*, 3 Johns. Ch. 254; *Barker* v. *Bucklin*, 2 Den. 45; *Lawrence* v. *Fox*, 20 N. Y. 268; *Mallory* v. *Gillette*, 21 id. 412; *Burr* v. *Beers*, 24 id. 178; *Becker* v. *Torrance*, 21 id. 631; *Dingledein* v. *T. A. R. R. Co.*, 37 id. 575; *Ricard* v. *Sanderson*, 41 id. 179; *Todd* v. *Weber*, 95 id. 187.) There was a direct privity of contract. (Bouvier's L. Dict.; Hammond on Part. 132.)

VANN, J. The question presented for decision by this appeal is whether the instrument upon which the action was brought is supported by a consideration that the law recognizes as sufficient. "A valuable consideration may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other." (3 Am. & Eng. Cyclo-

pedia of Law, 831; *Currie* v. *Misa*, L. R. [10 Ex.] 162; Chitty on Cont. [9th Am. ed.] 29; 2 Kent's Comm. 465.)

It is not essential that the person to whom the consideration moves should be benefited, provided the person from whom it moves is, in a legal sense, injured. The injury may consist of a compromise of a disputed claim or forbearance to exercise a legal right, the alteration in position being regarded as a detriment that forms a consideration independent of the actual value of the right forborne.

Thomas Wright, as the sole heir at law and next of kin of the decedent, would have inherited the entire estate if he had succeeded in his effort to defeat the probate of the will. He was, therefore, "particularly interested in setting aside the will" within the meaning of that phrase as used in the case of *Seaman* v. *Seaman* (12 Wend. 381), which we regard as analogous to this, and which has been repeatedly followed. (*Palmer* v. *North*, 35 Barb. 293; *Bedell* v. *Bedell*, 3 Hun, 583; *Hall* v. *Richardson*, 22 id. 447.)

It will be presumed that the testator left assets of some value, as the evidence tended to show that there was property, although not enough to pay the legacies, and the trial court mentioned "the property" and "the estate" of Lewis T. Wright in the findings. Moreover, as the agreement recites a consideration, the burden of proof was on the defendant to show that there was none, and if that depended upon the allegation that the testator left no property, the burden extended to proof of that proposition also. The withdrawal of the objections to probate of the will, therefore, at the special request of the defendant, was the forbearance of a legal right and constituted a consideration sufficient to support a promise by him, even if he was to receive no benefit whatever. "Whether he would have succeeded in the litigation," as was said in the *Seaman Case*, "is not the test. * * * It is enough that he yielded to his adversaries the right he possessed to contest the will. That he has done, and the compromise itself proves *prima facie* an acknowledgment by the defendant that there was color for his objection." (p. 381.)

The court will not ask " which party would have succeeded,"
for that would involve the trial of the issue that was com-
promised, and the object of the law in encouraging compro-
mizes would thus be defeated.

The consideration did not rest upon any advantage to the
defendant, but upon the abandonment by Thomas Wright of
his position as a contestant. By discontinuing his effort to
overthrow the will, he relinquished a right secured to him by
law and lost his chance of inheriting the estate. He did this
at the request of the defendant, who promised to pay for it.
If the form of the promise had been to pay directly to Thomas
Wright, no reason is perceived why it could not have been
enforced. As the arrangement was made with him, and the
consideration was furnished by him, the fact that the money
was made payable by his direction to the plaintiff does not
render the promise void. The plaintiff became his appointee,
and, upon receiving from him the written agreement or evi-
dence of the promise, it became his donee, and thus privity was
established between the parties to the action. This is not the
case of a mere stranger who attempts to intervene and claim
the benefit of a contract to which he is not a party, as in many
of the authorities relied on by the appellant, because the
promise was made directly to the plaintiff, and there was a
clear intention on the part of the person furnishing the con-
sideration to secure a benefit to the plaintiff. If the sum in
question had been made payable to Thomas Wright, he could
have given the claim to the plaintiff, whose title would thus
have been perfect, and why could he not make the gift by
causing the promise to be made directly to the plaintiff? The
intention of the parties should not be defeated by releasing
the defendant from his promise after he had received the con-
sideration therefor, simply on account of the form of the
transaction, which violates no statute, nor any rule of public
policy.

If A. sells a horse to B. for $100, and B. gives in payment
therefor a note for that amount drawn payable to C. at A.'s
request, and A. delivers the note to C., the latter can enforce it

against the maker. The case supposed differs in no essential particular from that under consideration. As recently held by this court, after a careful review of the authorities, a party for whose benefit a promise is made may sue in assumpsit thereon, even if the consideration therefor arose between the promissor and a third person. (*Todd* v. *Weber*, 95 N. Y. 181, 194.)

Without elaborating our reasons, we think that the order appealed from should be affirmed, and that judgment absolute should be rendered against the defendant, with costs.

All concur except POTTER, J., dissenting.

Order affirmed and judgment accordingly.