(17 Misc. Rep. 616)

### DEMPSEY v. HORNER et al.

(Supreme Court, Appellate Term, First Department. July 27, 1896.)

CONTRACTS—PERFORMANCE.

Defendants sold goods under a conditional bill of sale to a tenant of plaintiff's house. The buyer having failed to pay the purchase money, defendants began proceedings to recover possession of their goods. They desired to sell the goods in the house, and offered to pay plaintiff a certain sum for that privilege if plaintiff would obtain possession of the premises by dispossessory proceedings, and plaintiff did as he was requested. *Held*, that plaintiff was entitled to recover the amount agreed on, though defendants afterwards took the goods away and sold them elsewhere.

Appeal from Eleventh district court.

Action by John Aird Dempsey against Robert J. Horner and others. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

E. F. Daly, for appellants.

J. F. Fitzgerald, for respondent.

McADAM, J. The plaintiff, as the owner of the dwelling house No. 73 West Sixty-Ninth street, in the city of New York, leased the same in March, 1895, to Joseph H. Cofrode for the term of two years and six months, at $133.33 per month. A Mrs. Taylor, who occupied the house under the lessee, had purchased from the defendants the furniture, draperies, and carpets therein, under a conditional bill of sale, at the agreed price of about $10,000. The defendants notified Mrs. Taylor that they would take possession of the furniture, etc., whereupon she commenced an action for injunctive relief, and procured a temporary injunction enjoining the removal. After argument the application for an injunction was denied, and the temporary injunction dissolved. The plaintiff heard of the litigation, and introduced himself as the owner of the house to the defendant Horner; telling him that, if his firm intended to remove the furniture, he wanted to take a hand in the proceeding, and see that no damage was done to the house. Mr. Horner referred the plaintiff to Mr. Daly, the attorney for the firm, and the plaintiff called on him the next day. At the interview Mr. Daly suggested that it would be a very good thing, if they had to sell the furniture, to sell it on the premises, and thereupon requested the plaintiff to commence dispossess proceedings against his tenant, and get possession of the premises; that if the plaintiff would do that, and permit a sale to take place under his protection, the defendants would pay him an amount equal to the two months' rent then due, which was $266.66. Daly added, "Remember this is not paid to you as rent," but for the purpose of allowing the defendants to have what he termed "a house sale." The plaintiff said he was doubtful whether Mr. Horner would stand by that agreement, whereupon Mr. Daly said he would send up and get Horner & Co's check for the $266.66, and hold it for the plaintiff. The plaintiff called upon Mr. Daly later in the day, and asked if he had the check. The latter produced the check, and said he would hold it for the plaintiff during the dispossess proceedings. The plaintiff assented to the arrangement, and shortly thereafter, to wit, on October 26, 1895, instituted the proceedings, which resulted on October 29, 1895, in a final order in favor of the plaintiff, as landlord; and on the following day a warrant was issued, directing the marshal to remove the tenant and put the landlord in possession. The plaintiff instructed the marshal not to execute the warrant, because of the arrangement he had made with the defendants, and notified the defendants that he was in a position to carry out the agreement. The plaintiff could do no more. He testified that the defendants were to pay the $266.66 for suspending the execution of the warrant,—that is, for not moving

the furniture,—and that they had every opportunity for a "house sale," but did not see fit to avail themselves of it. That there was a good consideration for the contract is apparent. An injury to one party, or a benefit to another, is sufficient. Rector, etc., v. Tweed, 120 N. Y. 583, 24 N. E. 1014; Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256.

It appears from the testimony of the plaintiff that the defendants' furniture remained on the premises up to the early part of December following the agreement, when, without availing themselves of the liberty of a house sale, they removed the furniture, and in this manner the plaintiff became possessed of his property without formally executing the warrant. According to his testimony, the plaintiff did all he agreed to do, and became entitled to the $266.66. The main conflict upon the trial was as to the time when the dispossess proceedings were to be commenced; the defendants claiming that they wanted two weeks in October for the sale,—one week to get ready, and the other within which to make the sale. This was denied by the plaintiff, who claims to have proceeded with reasonable diligence. There was certainly no complaint from the defendant as to unnecessary delay. The plaintiff fixes the time of the interview with Daly as about the 15th or 18th of October, and states that very soon after the interview the proceeding was commenced, and judgment recovered five or six days afterwards. The conflict was properly submitted to the jury by the justice, and their finding settles the facts in the plaintiff's favor. We cannot say that the jury found erroneously. To hold so would be to decide that they were bound to find for the defendants. The witnesses were all more or less interested, and the controversy was one eminently suitable for the determination of a jury.

Although the amount claimed by the plaintiff was $266.66, he sued to recover only $250, thereby waiving the excess, and bringing the case within the jurisdiction of the district court (Code, § 3215), and the verdict was for that amount.

The criticism of the defendants that the action is an unusual one is true, but the contract was admitted, and the parties differed only as to the time during which the privileges provided by the contract should be enjoyed. After the defendants removed their property, they undertook to adjust the differences by the payment of a smaller sum, which the plaintiff refused to accept.

The judgment must be affirmed, with costs.

BISCHOFF, J., concurs.

DALY, P. J. (concurring). It is contended by appellants that, even if plaintiff's version of the contract be conceded, he was only to procure a warrant in summary proceedings, and to withhold actual dispossession of the subtenant until defendants could have the advantage of selling on the premises the furniture procured from them by the latter on conditional sale, and that he had performed all that he agreed to do, in notifying defendants so that they could proceed and sell on the premises, yet that the contract of defendants to pay

him $266 upon such performance was waived or canceled by the subsequent request of plaintiff, acting as attorney for his tenant, for indulgence while he negotiated to procure means to settle the indebtedness to defendants.     There would be great force in this contention if the plaintiff had not sworn positively that "his offices between Cofrode [the tenant] and Homer & Co. [the defendants]" were done at the suggestion of the latter, notwithstanding that he had stated it was his wish to get possession immediately, as he had another tenant.     Under the evidence, it was not clear that the parties intended, by giving an opportunity to the tenant and subtenant to pay, to abrogate the original contract between plaintiff and defendants; and the submission of the case to the jury without moving for a dismissal of the complaint at the close of the whole evidence and without the request for a direction of a verdict, was, under the authorities, a concession that there were questions of fact, controlling the case, to be passed upon by them.     Their verdict, under such circumstances, cannot be disturbed, there being sufficient evidence to sustain it, even if we regarded the testimony as warranting a contrary conclusion.