IKE DANHEISER *v.* GERMANIA SAVINGS BANK & TRUST CO.

*(Jackson,* April Term, 1917.)

1. **CONTRACTS.** Consideration. Sufficiency. Agreement not to appeal.

Where complainant brought suit to have the will of his wife declared ineffective as to certain personalty valued at $5,000 or $6,000, on the ground that it was her general estate and belonged to him by virtue of his marital rights, the withdrawal by the executors of their appeal from a decree in his favor was a sufficient consideration for his agreement to place $500 in trust, the interest to go to him during his life and at his death to go to one of the beneficiaries under the will; complainant to have the right to use the money if needed for his support. (*Post, pp.* 655-660.)

Cases cited and approved: Warren v. Williamson, 67 Tenn., 427; Rector, etc., of St. Mark's Church v. Teed, 120, N. Y., 583; Palmer v. North, 35 Barb. (N. Y.), 282; Bellows v. Sowles, 57 Vt., 164; Prater v. Miller, 25 Ala., 320.

Case cited and distinguished: Turner v. Denham, 63 Tenn., 569.

2. **CONTRACTS.** Consideration. Adequacy.

To constitute a suffcient consideration, the benefit conferred or the detriment suffered by the promisee need not be equal to the responsibility assumed, as any consideration however small, will support a promise, and in the absence of fraud the courts will not undertake to regulate the amount of the consideration. (*Post, pp.* 660-662.)

Case cited and distinguished: Lawrence v. McCalmont, 2 How., 426.

Danheiser v. Savings Bank & Trust Co.

3. CONTRACTS. Requisites. Certainty.

Complainant brought suit to have the will of his wife declared ineffective as to certain personalty, and, after a decree in his favor, agreed, in consideration of the executors' withdrawal of their .appeal, to create a trust in $500 of the money, the interest to go to him during his life, and at his death to one of the beneficiaries under the will if living, or to his heirs, if dead, the details of the trust to be stipulated by the executors. The agreement further provided that if complainant lived long enough to consume the entire estate left by his wife under the terms of the will, the $500 might be intrenched upon. *Held*, that the agreement was not void for vagueness and uncertainty, as the fund was certain, the parties were all named, and their respective rights fixed, and the executors were empowered to prepare further details if necessary. (*Post*, *p.* 662.)

## FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by certiorari to the Court of Civil Appeals from the Supreme Court.—F. H. Heiskell, Chancellor.

W. D. Gilbert, for plaintiff.

B. W. Hirsh, for defendant.

Mr. Special Justice W. B. Swaney delivered the opinion of the Court.

The question at issue in this case is as to the validity of an agreement to compromise a suit in the

chancery court of Shelby county brought by complainant to have the will of his wife, Mrs. Lena Danheiser, declared ineffective as to certain personalty belonging to her upon the ground that said personalty was her general estate, and as such belonged to complainant.

In the settlement of said suit the sum of $500 was left on deposit with defendant bank to effectuate the compromise.

The chancellor and the court of civil appeals have concurred in a finding of the facts in favor of defendants, and hence questions of law alone remain for consideration.

The case is before us upon *certiorari* in behalf of complainant, and errors have been assigned.

The facts necessary to be stated are that Mrs. Lena Danheiser, the wife of complainant, owned personalty valued at between $5,000 and $6,000. She made a will bequeathing said property to certain trustees, with a life estate to her husband, and the remainder to her two brothers, Ike and Theodore Foltz. Complainant, through his solicitors, Messrs. Puryear and Orebaugh, filed a bill in the chancery court against the executors and beneficiaries under the will to have said will set aside in so far as it undertook to bequeath said personalty, alleging that said property was not the separate estate of Mrs. Danheiser, and hence it belonged to complainant at her death *de jure mariti.*

The case was contested by defendants. A jury was demanded and certain issues of fact were submitted and found in favor, of complainant.

A motion for a new trial was made by defendants, and an appeal would have been taken but for the compromise agreement now to be mentioned.

Certain negotiations were had between solicitors and their clients, and it was finally agreed that the sum of $500 should be left by the executors in the defendant bank, to be held to carry out the compromise then agreed upon. The agreement is emboided in a letter, as follows, viz.:

"Mr. Ben W. Hirsh, Attorney for M. Sartorious and Jacob Foltz, Ex'rs, Memphis, Tenn.—Dear Sir: In submitting for your approval decree in the case of Ike Danheiser v. M. Sartorious et al., No. 19106 R. D., in the chancery court of Shelby county, Tennessee, this is to confirm our verbal agreement that in consideration of the withdrawal of motion for new trial, and the entry of this decree, complainant, Ike Danheiser, agrees to create a trust of $500 of the money to be received from the executors under the decree, the interest upon which is to go to him during his life, and at his death to go to Theodore Foltz, if living, and if he be dead, to the heirs of Theodore Foltz.

"The details of this trust to be stipulated by yourself.

"In addition to having the interest upon this $500, if Ike Danheiser lives long enough to consume the

entire estate or fund, left by Lena Danheiser under the terms of the will, namely, $40 per month, then the $500 may be intrenched upon.

"This agreement is made by me upon written authority signed by Ike Danheiser, and is made in this form and separate from the decree itself for the reason that the questions reserved by the court with reference to the expenditures and fees of the executors are to be determined upon the basis of the property as fixed by the verdict of the jury.

"Yours very truly,      D. B. PURYEAR,

"Attorney for IKE DANHEISER."

The decree settling the controversy over the will was duly entered, and it showed that the "motion for a new trial made by defendants was withdrawn by reason of a compromise settlement independent of court proceedings."

The evidence supports the concurrent finding of facts that the $500 was to have been given in consideration of defendants withdrawing their appeal upon the terms set out in the letter above copied.

The executors made a final settlement with complainant and turned over to him all assets except $500, which was manifestly left with defendant bank to be placed in trust, as per agreement made, "independent of court proceedings."

Complainant, after getting the decree entered, refused to sign a formal trust paper naming a trustee, and shortly thereafter brought the present suit to recover the $500 left in defendant bank.

An answer and cross-bill was filed by the bank, making complainant and Ike and Theodore Foltz defendants, seeking to have the controversy over this money settled between the parties. As no question is now made as to this pleading, it is only necessary to add that all parties answered the cross-bill and the facts were fully stated, and the proof amply sustains the contentions made by the bank and Ike and Theodore Foltz. The complainant now insists that there is no sufficient consideration in law to support this compromise agreement, and that it is void because of vagueness and uncertainty.

It should be stated that this record does not contain the pleadings and proof in the litigation over the will of Mrs. Danheiser, and there is nothing to show that the defendants acted in bad faith or were guilty of any fraud in the matter, or knew that they had no chance to reverse the will case on appeal. On the contrary, Judge Puryear states that he considered the settlement a good one for complainant, "inasmuch as the amount he was surrendering was such a small proportion of the amount that he stood to lose in the event the litigation went against him, which I (he) did not consider absolutely impossible."

Now, under these circumstances, is the agreement to forbear appealing the first suit over the will a sufficient consideration to sustain the contract in question? While we do not consider it a doubtful proposition upon principle, in view of the meager-

ness of cases in this State on the subject, it is deemed advisable to file an opinion in the case.

Sir William Anson in his most admirable philosophic treatise upon the principles of contracts has defined consideration to be "something done, forborne, or suffered, or promised to be done, forborne, or suffered by the promisee in respect of the promise." Anson on Cont. (8 Ed.), 74.

An interesting and instructive history of consideration will be found in Anson on Cont. (8 Ed.), 43, Pollock on Contracts, 179, and Holmes, Com. Law, 253-271, 284-287.

Clark on Contracts (3 Ed.), 133, 134, says:

"Consideration means that which moves from the promisee, or to the promisor, at the latter's request, in return for his promise. Consideration 'is something done, forborne, or suffered, or promised to be done, forborne, or suffered by the promisee in respect of the promise.' If, for instance, one man, by paying another a sum of money, procures a promise from the latter in return to do something for his benefit, the money paid is the consideration for the promise. Consideration, however, need not be the payment of money. As usually defined, it may consist 'in some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other:' Provided, however, the benefit conferred or detriment suffered is deemed of value in the eye of the law. Strictly speaking, however, the

accrual of a right or benefit to the promisor is not necessary to establish a consideration, and the one essential test in all cases is that of forbearance, detriment, or responsibility suffered or undertaken by the promisee. . . .

"The fact that the benefit conferred or detriment suffered is slight does not render it any the less a valuable consideration. The naming of a child after a person will support his promise to pay a large sum of money."

Pollock on Contracts (3 Ed., by Prof. Williston) 185, says:

"The following description of consideration was given by the Exchequer Chamber in 1875: 'A valuable consideration, in the sense of the law, may consist either in some right, interest, profit, or benefit accruing to the one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other.' "

Under all the authorities the loss or abandonment of any right, or the forbearance to exercise it for a definite or ascertainable time, is a valuable consideration. Forbearance to sue for a definite or reasonable time is the most usual illustration given by all the text-books and courts on this subject. The most interesting phase of this subject is in the discussion as to the nature and character of the right forborne. After considerable controversy the English courts and a great majority of the American

courts have finally come to the conclusion that there must be an actual or bona fide disputed right in cases of this kind.

Pollock on Contracts (3 Ed.), by Prof. Williston, 214, briefly states this rule as follows:

"That which is forborne must also be the exercise or enforcement of some legal or equitable right which is honestly believed to exist."

This rule has been applied by the English and many American courts as peculiarly applicable to cases of compromises of actual or prospective litigation. See Pollock on Contracts (3 Ed., by Prof. Williston) 214, and notes, where the English and American cases are cited.

Many of the American cases do not follow the English rule to its full extent, but seem to require the claim forborne to be at least reasonably doubtful in fact or law in order to make the forbearance or promise to forbear a good consideration.

The latter rule is upheld apparently in the case of *Warren* v. *Williamson*, 8 Baxt. (67 Tenn.), 427. Charity Warren purchased real estate and gave her notes therefor, with security. She made two payments, one in the year 1862 in Confederate money. The clerk of the court received this money and paid it to the guardian of some minors, who loaned it to another person with security. Mrs. Warren paid the balance of the purchase money on the land and the title to the land was vested in her. A dispute arose thereafter as to the validity of the payment of the

Confederate money by Mrs. Warren, and she gave a. note for said amount so paid by her on the land treating the payment as a nullity. Suit was brought upon this note, and the defense was made that there was no consideration to support the note. According to holdings of our courts from the close of the war until September, 1870, a note given for Confederate money could not be enforced. In subsequent cases the rule was changed as to executed contracts. The note was given to prevent threatened litigation. The court held that both parties to the transaction having acted in good faith and being uncertain as to their rights, such a compromise constituted a sufficient legal consideration to sustain the note, though it afterward appeared there was no legal liability against the maker, because the bar was uncertain at the time, and both parties acted under an honest mistake concerning their rights without fraud or bad faith.

In *Turney* v. *Denham*, 4 Baxt. (63 Tenn.), 569, it was held that a forbearance to sue to enforce repayment of a payment made in Confederate notes at a time when, as the law then stood, the payment might have been avoided, was a sufficient consideration to support a promise to repay.

Clark on Contracts (3 Ed.) 151, under the head of "Forbearance to Exercise a Right," says:

"The abandonment of any right, or a promise to forbear from exercising it, is a sufficient consideration for a promise. The right may be legal or

equitable, certain or doubtful; and it may exist against the promisor or against a third party.''

Among the numerous cases cited by Clark to sustain the text is *Rector, etc., of St. Mark's Church* v. *Teed,* 120 N. Y., 583, 24 N. E., 1014, where it was held that forbearance to contest a will was sufficient consideration for a promise. See, also, 9 Cyc., 337, where other cases are cited to the same purport, and especially *Palmer* v. *North,* 35 Barb. (N. Y.), 282; *Bellows* v. *Sowles,* 57 Vt., 164, 52 Am. Rep., 118; *Prater* v. *Miller,* 25 Ala., 320, 60 Am. Dec., 521.

''Refraining from bringing a suit may furnish a consideration. The actual forbearance or the promise to forbear to prosecute a claim upon which one has a right to sue is universally held to be a sufficient consideration.'' 9 Cyc., 338, citing cases.

Now can it be said that the consideration was inadequate? It is not necessary that the benefit conferred or the detriment suffered by the promisee shall be equal to the responsibility assumed. Any consideration, however small, will support a promise. In the absence of fraud, the courts will not undertake to regulate the amount of the consideration. The parties are left to contract for themselves, taking for granted that the consideration is one valuable in the eyes of the law. The United States supreme court in *Lawrence* v. *McCalmont,* 2 How., 426, 11 L. Ed., 326, says:

''A valuable consideration, however small or nominal, if given or stipulated for in good faith, is, in

the absence of fraud, sufficient to support an action on any parol contract. . . . A stipulation in consideration of $1 is just as effectual and valuable a consideration as a larger sum stipulated for or paid.''

Clark on Contracts (3 Ed.), 142, says:

''On this principle, the refraining by a person from the use of liquor and tobacco for a certain time at the request of another has been held a sufficient consideration for a promise by the latter to pay him a sum. of money. So also, where a person traveled for his· own pleasure and benefit at the request of another, this was held sufficient to support a promise by the latter to reimburse him for his expenses; and, where an executor forbore to act as such on his co-executor's promise to divide commissions with him, the forbearance was held a consideration for the promise. It has ever been held that the liability incurred in purchasing property upon the faith of a promise made by another to contribute a certain sum in part payment of the price is a sufficient consideration to make the promise binding; and where a person agreed to contribute a sum of money for the purpose of discharging a mortgage on church property, on condition that the church would raise the balance by voluntary subscription, and the church performed the condition, it was held that the promise became binding.''

There ·is nothing in the contention that the agree· ment is vague and uncertain in its terms. The fund

is certain, the parties are all named and their respective rights fixed. The interest on the fund is to be paid to complainant during his life, and should complainant live long enough to consume the entire estate under the will at the rate of $40 per month, then the $500 may be used for his support, and at his death the remainder is to go to Theodore Foltz, if living, and if he be dead, to his heirs. In addition to this the executors are given power to prepare further details if necessary.

This contract being based upon a valuable consideration, and no fraud or bad faith having been shown against defendants, we are satified there is no error in the decree of the court of civil appeals. The writ is accordingly denied.