Frank Del Vecohio, J.
This is a motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.
The complaint in question alleges that one Carl Denslow was indebted to plaintiff’s assignor, the Watertown National Bank, in the sum of $1,802.05; that Zeila Denslow, the mother of Carl Denslow, conveyed to the defendant a piece of real property *98 upon the specific understanding and agreement that the defendant would pay plaintiff’s assignor the sum of $1,546 in satisfaction of the obligation owed by Carl Denslow to the Watertown Bank; that the claim of the Watertown Bank against Carl Dens-low was assigned to plaintiff for valuable consideration; and that despite demand made upon it by plaintiff on October 7, 1958 the defendant has refused to pay the sum of $1,546 in satisfaction of the debt of Carl Denslow as agreed upon between defendant and the debtor’s mother. In view of the foregoing allegations, plaintiff demands judgment in the sum of' $1,546 plus interest from October 7,1958 or, in the alternative, an order directing defendant to convey to plaintiff the property received by it from Mrs. Denslow, declaring plaintiff to be the owner thereof and enjoining defendant from otherwise transferring the property.
Defendant’s motion to dismiss the complaint must be granted. Plaintiff is a stranger to the contract between Mrs. Denslow and the defendant and as such may enforce the agreement only if the facts come within one of the four situations set forth in Seaver v. Ransom (224 N. Y. 233) or if the defendant has so conducted itself as to be estopped from asserting a defense to the action. (McClare v. Massachusetts Bonding Co., 266 N. Y. 371.) The complaint fails to bring the action within any of these requirements. There was no pecuniary obligation running between Mrs. Denslow, the promisee, and the plaintiff’s assignor (Lawrence v. Fox, 20 N. Y. 268) nor was there any close family relationship between them (Todd v. Weber, 95 N. Y. 181; Buchanan v. Tilden, 158 N. Y. 109); the agreement was not a public contract (Pond v. New Rochelle Water Co., 183 N. Y. 330) nor did the promise run directly to plaintiff’s assignor. (First Nat. Bank of Sing Sing v. Chalmers, 144 N. Y. 432.)
The case which comes closest to supporting the present cause of action is Rector, etc. of St. Mark’s Church v. Teed (120 N. Y. 583). There however a written instrument, by which defendant agreed to make payment to plaintiff at the request of one furnishing consideration for the promise, was delivered to plaintiff which had ever since been the lawful owner and holder thereof. In sustaining the action the court stressed the fact that plaintiff 1 ‘ upon receiving from him [the person furnishing consideration] the written agreement or evidence of the promise ” became entitled to enforce its performance (p. 588).
The present complaint lacks any allegation of delivery to plaintiff or its assignor of a written instrument by defendant containing a promise to pay the Watertown Bank; at best, plaintiff, through its assignor, is an “ incidental beneficiary ” (2 *99 Williston, Contracts [rev. ed.], p. 1042) of the contract between defendant and Mrs. Denslow and as such is not within those classes of cases which allow enforcement by one not a party to the agreement.
Nothing which has been said questions the existence of a cause of action to enforce the contract pleaded in the complaint, at the instance of the promisee Mrs. Denslow or possibly of her son, the apparent beneficiary. All that is decided is that the plaintiff in its complaint has failed to state a cause of action.
The complaint is therefore dismissed.
Order accordingly.