■ BENNY FIRSTENBERG et al., Respondents, v. MORRIS WASSERMAN et al., Appellants.— Appeal by defendants from parts of a judgment of the Supreme Court entered after a trial before the court without a jury in favor of the plaintiffs. The action is in equity and seeks to impress a trust upon certain real property pursuant to a written agreement. Abraham Firstenberg and his wife Becky owned the real estate as tenants by the entirety. Abraham died in January, 1944, leaving his wife surviving and leaving the plaintiffs as his only heirs at law and next of kin. Subsequently Becky died in April, 1944, leaving her sister, Pauline Wasserman, as her only heir at law and next of kin, and Pauline Wasserman became the owner of the legal title of the real estate by operation of law. Discussions were had between the Firstenberg faction and the Wasserman faction relative to the settlement of the estates of Abraham Firstenberg and Becky Firstenberg, and it was agreed that the estates should be divided into five equal parts to go to individuals with the result that the Firstenberg faction was to have 60% and the Wasserman faction 40%. On May 1, 1944, a written agreement was executed by all parties concerned which provided in substance that all property, both real and personal, owned by Abraham and Becky Firstenberg upon their respective deaths should be divided upon the 60-40 ratio above mentioned, and that until the real property was sold Morris Wasserman, Pauline's husband, was to manage the real estate and divide the net proceeds upon the same 60-40 ratio. Pauline died in 1949 and the defendants are her only heirs and next of kin. Both before and after her death Morris Wasserman managed the property and divided the net proceeds according to the agreement until 1954 when he repudiated the agreement and the defendants claimed sole ownership for the first time. This action resulted. 'The court below has held that the written agreement was a trust agreement; that it created a voluntary trust and that it was valid without consideration. We do not agree with this label or theory because no trust for a purpose authorized by section 96 of the Real Property Law was set up. However, we do agree with the result upon the theory that the written contract was a valid, enforcible contract with a valuable consideration. It must be noted that the agreement related not only to the real estate involved here, but to all property, both real and personal, owned by the two Firstenberg estates. It seems clear that at the time the agreement was made none of the parties knew exactly what property was left by Abraham Firstenberg or how it would be distributed. The Wassermans became entitled to a 40% interest in any personal property left by Abraham Firstenberg by virtue of the agreement which would not otherwise be due them. At the time the arrangement was made it might have developed to be advantageous to either faction as far as the parties then knew. An honest compromise affords a valid

consideration. (*Rector, etc. of St. Mark's Church* v. *Teed*, 120 N. Y. 583.) The lower court has found that there was no fraud or overreaching on the part of plaintiffs, and that is not questioned on this appeal. The action is not barred by the Statute of Limitations because it did not accrue until the breach by repudiation in 1954. The directions in the judgment in the court below are within the permissible range in an equity action to effectively carry out the terms of a valid contract. Judgment affirmed, with costs. Coon, J. P., Gibson, Herlihy and Reynolds, JJ., concur.