FIRST DIVISION

March 10, 2003

No. 1-01-2827

FANNIE B. KALIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County

)

v. ) 

) 

COLGATE-PALMOLIVE COMPANY, ) Honorable

) James F. Henry

Defendant-Appellee. ) Judge Presiding

JUSTICE McNULTY delivered the opinion of the court:

The instant appeal arises from a simple set of undisputed facts: a plaintiff in a products liability action received an offer of settlement from the defendant manufacturer, but did not respond before the defendant prevailed in its motion for summary judgment.  Since the settlement proposal had contained no time limit or other conditions for acceptance, the plaintiff notified the defendant that she would take the offer and was promptly informed that the offer was no longer open.  While the products liability litigation continued, the plaintiff filed the action underlying this matter: a claim against the defendant for breach of the settlement agreement. The question presented for our review is whether the plaintiff's promise to settle her lawsuit lost its value, and thus its ability to serve as consideration for a settlement payment, once the defendant prevailed in its motion for summary judgment.  The trial court answered this question affirmatively.  We disagree and reverse the grant of summary judgment in favor of the defendant on the breach of contract claim. 

Plaintiff Fannie Kalis was injured by the explosion of a container of fuel and in December 1995 filed an action in the United States District Court which sought damages from the alleged manufacturer, defendant Colgate-Palmolive Company (Colgate).  On March 13, 1998, Colgate moved for summary judgment.  On April 27, 1999, while that motion was pending, Colgate, via letter from its counsel to Kalis's counsel, offered $100,000 to settle the claim.   The offer contained no conditions, did not refer to the pending summary judgment motion in any way, and did not purport to expire at any specific time. 

      On May 10, 1999, the district court granted Colgate's motion, and on May 14, Kalis's attorney sent defense counsel a letter accepting Colgate's offer.  Colgate's May 18 response advised Kalis that "the moment the judge ruled summary judgment in our favor and against the plaintiff, the offer of $100,000 was no longer valid."  

Kalis sought reconsideration of the summary judgment ruling, and when that motion was denied, she appealed.  The United States Court of Appeals for the Seventh Circuit heard arguments on the case in April 2000 and affirmed the judgment in Colgate's favor on November 3, 2000.   

On the same date she filed notice of her appeal of the summary judgment on her products liability claim, Kalis also filed in the circuit court of Cook County the action underlying the instant case: she alleged that Colgate's offer and her acceptance combined to create a binding agreement to settle her claim for $100,000.   

     Kalis and Colgate both moved for summary judgment: Kalis alleging that the formation of a contract and Colgate's subsequent breach were undisputed; Colgate contending that she had no consideration to offer for a settlement agreement after the summary judgment ruling and that an implied condition of its offer was that it be accepted before the motion was decided.  The trial court agreed with Colgate, ruled that there was no consideration for the settlement agreement, and granted summary judgment in favor of the company.  In our view, established principles of contract law dictate the opposite conclusion.

Any act or promise that benefits one party or disadvantages the other is sufficient consideration to support the formation of a contract.  
Steinberg v. Chicago Medical School
, 69 Ill. 2d 320, 330 (1977).  A promise to forego pursuit of a legal claim will be determined to be adequate consideration to support formation of a contract even if the claim is invalid, provided that it is asserted in good faith.  
Keller v. State Farm Insurance Co.
, 180 Ill. App. 3d 539, 546 (1989).  

Such forbearance provides consideration sufficient to support the formation of a contract even if, at the time of the promise, a court has already found the claim to be without merit.  "The fact that a lower court has decided against the claim, or that a court has held adversely to it in a suit to which the claimant was not a party, does not prevent the forbearance to press a claim from being consideration."  2 J. Perillo & H. Bender, Corbin on Contracts, §7.17, at 436 (1995).

Accordingly, a promise to relinquish a right to appeal has also been recognized as providing consideration sufficient to support contract formation.  "Forbearance to appeal or to litigate the question anew, as the claimant is privileged to do, is consideration if the claim was such that forbearance to press it by suit would originally have been consideration."  2 J. Perillo & H. Bender, Corbin on Contracts, §7.17, at 436-37 (1995).  In 
Kerns v. Engelke
, 54 Ill. App. 3d 323, 338 (1977), 
rev'd in part on other grounds, 
76 Ill. 2d 154 (1979)
, 
this court, though ultimately declaring an agreement void on public policy grounds, found that sufficient consideration to form the agreement had been provided by a party's promise to abandon an appeal.  See also 
Danheiser v. Germania Savings Bank & Trust Co.
, 137 Tenn. 650, 194 S.W. 1094 (1917).

In 
F.H. Prince & Co. v. Towers Financial Corp.
, 275 Ill. App. 3d 792 (1995), we held that the release of an arguably uncollectible debt provided consideration to support a settlement agreement and highlighted an additional element of value provided by settlement of even a questionable claim: "Settlement of the [plaintiff's] litigation also relieved [defendants] of the need to continue to defend against that claim and to incur additional defense costs related thereto."  275 Ill. App. 3d at 802. 

In our view, the foregoing principles are readily applicable to the facts presented in the instant case.  Though her claim failed to survive Colgate's summary judgment motion, Kalis retained the right to seek reconsideration of that ruling in the district court as well as the right to seek appellate review, and her promise to compromise these rights provided consideration for the offer of settlement as long as they were asserted in good faith.  We believe that the good-faith basis for continued pursuit of her claims at these stages was demonstrated by each court's need for extensive analysis of the merits of those claims.  Given that fact, and the fact that the expense of months of additional active litigation of the reconsideration motion and appeal would have been avoided with a settlement, we have little difficulty concluding that Kalis's promise to abandon her claims offered a compromise of her own legal rights, a benefit to Colgate, and thus, consideration.  We are therefore unable to share the trial court's view that the summary judgment motion ruling left Kalis with nothing to offer as consideration for the settlement payment.

Colgate argues that its offer should be construed to contain an implied condition: that it expired at the time of the district court's ruling because of Kalis's loss of her ability to provide consideration for a settlement agreement.  Since we disagree with the premise that Kalis could offer no consideration following the court's ruling, we find Colgate's argument unpersuasive.   

Finally, although Kalis invites us to direct the trial court to grant her summary judgment motion, she has not demonstrated the absence of issues of fact material to disposition of her claim, and indeed concedes the existence of at least one triable issue of material fact on the record assembled to date.  Accordingly, we decline the invitation to order entry of summary judgment in her favor, reverse the entry of summary judgment for Colgate, and remand the cause to the circuit court for further proceedings consistent with this order.

Reversed and remanded. 

GORDON, P.J., and O'MALLEY, J., concur.