IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
January 2004 Session

## CYNTHIA LEE BRATTON  v.  MICHAEL WAYNE BRATTON

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Chancery Court for Hamblen County**
**No. 2000-148     Hon. Thomas R. Frierson, II, Chancellor**

---

**No. E2002-00432-SC-R11-CV - Filed April 30, 2004**

---

JANICE M. HOLDER, J., concurring in part and dissenting in part.

I concur in the majority's conclusion that postnuptial agreements are not contrary to public policy.  I respectfully dissent, however, from that portion of the majority's opinion concluding that the agreement at issue in the present case was not supported by adequate consideration.

The majority holds that postnuptial agreements generally should be interpreted and enforced in the same manner as antenuptial and reconciliation agreements.  I agree.  However, consideration is rarely at issue in cases concerning antenuptial and reconciliation agreements.  The marriage itself has been held to be consideration for an antenuptial agreement.  See Spurlock v. Brown, 18 S.W. 868, 871-72 (Tenn. 1892); Sanders v. Sanders, 288 S.W.2d 473, 477 (Tenn. Ct. App. 1955). Similarly, courts have concluded that agreeing to reconcile or stay in the marriage in the face of an impending separation or divorce is adequate consideration to support a reconciliation agreement. See Gilley v. Gilley, 778 S.W.2d 862, 864 (Tenn. Ct. App. 1989).  However, postnuptial agreements, like the one at issue in this case, may be executed when married parties are not contemplating separation or divorce.

To be valid and binding, a contract must be founded on consideration that flows to both parties.  Am. Lead Pencil Co. v. Nashville, Chattanooga & St. Louis Ry., 134 S.W. 613, 615 (Tenn. 1911); Frank Rudy Heirs Assocs. v. Moore & Assocs., Inc., 919 S.W.2d 609, 613 (Tenn. Ct. App. 1995).  Consideration is the price bargained and paid for a promise or something given in exchange for the promise.  17A Am. Jur. 2d Contracts § 102 (2004).  Consideration may consist of "some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other."  Danheiser v. Germania Sav. Bank & Trust Co., 194 S.W. 1094, 1095 (Tenn. 1917).  To constitute consideration, the benefit or detriment must be bargained for.  See Restatement (Second) of Contracts § 71 (1981).  The benefit or detriment is said to be bargained for if it is sought by one party in exchange for his or her promise and is given by the other party in exchange for that promise.  See id.  Generally, the courts "will not undertake

to regulate the amount of the consideration. The parties are left to contract for themselves . . . ." Danheiser, 194 S.W. at 1096.

There is no question, under any version of the facts, that Ms. Bratton receives a benefit under the terms of the agreement. The agreement specifically provides that Ms. Bratton will receive one-half of all property jointly owned by the parties as well as one-half of all of Dr. Bratton's net gross income if Dr. Bratton is guilty of statutory grounds for divorce. The agreement does not, however, indicate the consideration that flows to Dr. Bratton.

The parties differ concerning the factual basis that would support a benefit to Dr. Bratton, and the trial court's findings are insufficient to show which party's version of the facts the court believed. Ms. Bratton testified that prior to the parties' marriage she agreed to forego dental school and a dental career to raise a family in exchange for Dr. Bratton's promise to provide one-half of his income to her in the event of divorce. Although no written agreement was executed prior to the marriage, Ms. Bratton testified that Dr. Bratton offered to formalize their prior agreement when she voiced a continuing interest in dental school after approximately one year of marriage. According to Ms. Bratton, her husband handwrote and signed a letter dated June 27, 1983, which set out the parties' agreement, and later had the agreement prepared by an attorney.

Under Ms. Bratton's version of the facts, the consideration that flows to Dr. Bratton is Ms. Bratton's promise to forego a career as a dentist. Her promise to forego her career benefitted Dr. Bratton and was a promise he wished to receive. The majority, however, suggests that Ms. Bratton's promise is not sufficient consideration because it is vague and illusory and because Ms. Bratton made the choice to forego a career prior to the execution of any written agreement.

Illusory promises are "[w]ords of promise which by their terms make performance entirely optional." Restatement (Second) of Contracts § 77 cmt. a (1981). To support its position that Ms. Bratton's promise is vague and illusory, the majority points to testimony that Ms. Bratton was never enrolled in dental school, had never taken the dental school admissions tests, and never took any step to indicate her interest in pursuing such a career. Rather than proving that Ms. Bratton's promise was illusory, this testimony indicates that she was refraining from doing that which she promised not to do. If Ms. Bratton's promise is illusory because she failed to take steps toward a career that she promised not to pursue, every promise to refrain from activity will suffer from the same infirmity.

The majority also argues that Ms. Bratton's promise to forego her career was not adequate consideration because she chose to do so prior to the execution of any agreement. This Court has long held that past consideration generally cannot support a present promise. See, e.g., Gilman v. Kibler, 24 Tenn. (5 Hum.) 19 (1844). Enforcement of promises to pay for a benefit previously received is said to rest on past consideration. Restatement (Second) of Contracts § 86 cmt. a (1981). However, since Ms. Bratton's promise to forego her dental career was a continuing benefit to Dr. Bratton, it does not fall within the definition of past consideration. See, e.g., Johnson v. Hazaleus, 338 P.2d 345, 347 (Okla. 1959) (stating that "a contract founded partly on past consideration and partly on future consideration, such as continued care and assistance, is enforceable").

The majority would find adequate consideration when one spouse gives up an existing career to care for the parties' children in exchange for property and support in the event of divorce.[1]  I fail to see any meaningful distinction between the facts of this case and those presented in the majority's example.  The majority would require a spouse to actually attain a career before giving it up rather than simply foregoing an intended career not yet attained.  Because consideration requires only a promise, a promise to relinquish is no different than a promise to forego.  Therefore, I would hold that there was adequate consideration for the agreement under Ms. Bratton's version of the facts.

Under his substantially different version of the facts, Dr. Bratton denied any knowledge of Ms. Bratton's interest in attending dental school.  He testified that approximately one year into the marriage Ms. Bratton was warned by her co-workers that he was likely to leave her once he graduated from medical school and that she needed a legally binding agreement to protect herself.  Dr. Bratton testified that this topic caused many arguments between him and his wife and that these arguments led him to write and sign the letter of June 27, 1983.  He denied having the agreement prepared by an attorney and stated that he initially refused to sign the formal agreement.  He relented, however, when Ms. Bratton threatened to leave him if he did not sign it.  Life at home was "much better" after he signed the formal agreement.

Under these facts, the consideration Dr. Bratton bargained for and received was the benefit of domestic tranquility.  In addition, Dr. Bratton received Ms. Bratton's promise that she would stay in the marriage.

A majority of this Court, however, disagrees.  First, the majority concludes that Ms. Bratton's promise not to leave her husband is not adequate consideration because the parties were not experiencing marital difficulties.  While the parties' marital difficulties did not rise to the level of separation, their arguments attest to some amount of tension that was resolved by the execution of the agreement.  Moreover, the validity of a postnuptial agreement does not turn on a requirement that parties experience marital difficulties, although this requirement is the hallmark of a reconciliation agreement.

Even assuming the adequacy of consideration, the majority further holds that the agreement, premised on the promise not to leave the marriage, would be invalid as a result of coercion and duress.  Yet, promises to stay in or to return to a marriage will not invalidate an agreement to reconcile.  See Gilley, 778 S.W.2d at 864.  Indeed, such promises are considered to be adequate consideration.  See id.

By entering into the agreement, Ms. Bratton received one-half of the parties' jointly-owned property and one-half of Dr. Bratton's future earnings.  Depending on whose version of the facts is

---

[1] The majority also would find adequate consideration to support a postnuptial agreement in which the parties mutually release claims to each other's property in the event of death.  I would agree that the mutual benefits that support consideration under these facts are obvious and need no further discussion.

believed, Dr. Bratton received Ms. Bratton's promise to forego her dental career, domestic tranquility, or her promise to stay in the marriage. As such, both parties bargained for and received a benefit by entering into the agreement. Accordingly, I would reverse the Court of Appeals and remand the case for consideration of the issues pretermitted by its holding.

_____
JANICE M. HOLDER, JUSTICE