FANNIE B. KALIS, Plaintiff-Appellee, v. COLGATE-PALMOLIVE COMPANY, Defendant-Appellant.

First District (6th Division)   No. 1—04—1130

Opinion filed April 22, 2005.—Rehearing denied April 22, 2005.

Meachum, Spahr, Cozzi, Postel & Zenz, of Chicago (Joseph Postel and Ellen L. Spahr, of counsel), for appellant.

Law Offices of Arnold H. Landis, of Chicago (Arnold H. Landis and Yevgeniyi I. Turin, of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

In a prior appeal of the instant matter, we held that a plaintiff's promise to abandon her claims against a defendant retained value sufficient to serve as consideration for a settlement agreement even though her acceptance of the settlement offer came after the defendant's motion for summary judgment was granted. Accordingly, we reversed the trial court's determination that the lack of consideration prevented the formation of a valid agreement to settle the initial litigation between the parties, and we remanded the plaintiff's action for breach of the settlement agreement for further proceedings.

On remand, the plaintiff contended that our ruling required a finding in her favor on her breach of contract action, and the trial court agreed. We disagree and therefore reverse and remand.

Plaintiff Fannie Kalis, injured by the explosion of a fuel container, filed a federal products liability claim against the container's alleged manufacturer, defendant Colgate-Palmolive Company (Colgate). Colgate moved for summary judgment, then offered to settle Kalis' claim for $100,000. The defense motion for summary judgment was granted, and Kalis then communicated to Colgate her acceptance of the settlement offer. Colgate informed her that the offer was no longer open. Kalis filed an action which asserted that a valid agreement to settle the litigation had been entered into and that the agreement has been breached by Colgate. The trial court granted Colgate summary judgment on the breach of contract claim. The court held that Kalis had not provided the valuable consideration necessary for contract formation because the promise to drop her products liability claim, though initially offered in exchange for the settlement payment, lost its value when the defense motion for summary judgment on the products liability claim was granted.

Kalis appealed. We reversed, holding that since she retained the

right to appeal the summary judgment for Colgate in the products liability action, and since her promise to abandon that right to appeal would have provided sufficient consideration for a valid settlement agreement, her general promise to forgo all claims against Colgate constituted similarly sufficient consideration for the alleged agreement to settle. *Kalis v. Colgate-Palmolive Co.*, 337 Ill. App. 3d 898 (2003). On remand, Kalis and Colgate both moved for summary judgment. The trial court granted Kalis' motion. This appeal followed.

■ Kalis argues that our prior opinion mandated the entry of summary judgment in her favor, and the trial court appeared to share this view. We disagree. Our opinion determined that the settlement agreement alleged by Kalis did not fail for want of consideration due to a lack of value in her promise to abandon her claims against Colgate. We did not, however, ultimately determine that a valid contract between the parties existed. Since issues not decided in a prior appeal may be relitigated by the parties (*Filipetto v. Village of Wilmette*, 254 Ill. App. 3d 461, 466 (1993), issues in the instant case regarding the validity of the settlement agreement which were unrelated to the question of the sufficiency of the consideration provided by Kalis remained open.

■ Kalis further argues that because the parties submitted cross-motions for summary judgment, no genuine issue of material fact remained and that the sole task remaining for the trial court was to rule as a matter of law that she was entitled to judgment on her breach of contract claim. However, the filing of cross-motions for summary judgment does not establish the absence of issues of material fact and does not oblige a trial court to rule without further fact-finding; this court, reviewing the grant of summary judgment *de novo*, may determine that, despite the summary judgment filings, a material issue of fact remains which precludes the entry of summary judgment for either party. *Andrews v. Cramer*, 256 Ill. App. 3d 766, 769-71 (1993).

Our previous opinion noted that Kalis had sought not only reversal of the judgment for Colgate but also the entry of judgment in her favor. We declined: "[A]lthough Kalis invites us to direct the trial court to grant her summary judgment motion, she has not demonstrated the absence of issues of fact material to disposition of her claim, and indeed concedes the existence of at least one triable issue of material fact on the record assembled to date." *Kalis*, 337 Ill. App. 3d at 902. In her opening brief in the prior appeal, Kalis indeed argued that "[t]here is a genuine issue of fact as to whether Kalis accepted

within a reasonable time." We agree, notwithstanding her current assertions to the contrary.

■ If a contract offer does not include a limitation on the time period for its acceptance, it will lapse if not accepted within a reasonable time. *Kirchhoff v. Rosen*, 227 Ill. App. 3d 870, 878 (1992). Whether a party's acceptance has come within a reasonable time "depends upon a multiplicity of circumstances" and should be resolved by the trier of fact. *Zaniecki v. Bergner*, 143 Ill. App. 3d 668, 672 (1986). In the instant case, although the record clearly demonstrates the chronology of the settlement offer, the federal court's summary judgment ruling, the acceptance of the offer, and the denial of the offer's continued validity, the record does not indicate that the parties presented to the trial court any other factual matters which would have impacted the determination of whether the acceptance came within a reasonable time or that the trial court made a specific finding on that issue. We believe that the parties must be afforded the opportunity to present any facts relevant to the determination of the issue and that the trial court, in its role as the trier of fact, must resolve the issue.

■ Colgate argues that judgment in its favor is appropriate because Kalis' offer to dismiss her claims, though retaining some value, provided such altered value as to prevent the formation of a valid contract. Illinois courts, however, generally avoid inquiry into the adequacy of consideration in the absence of inequity so gross as to be "tantamount to fraud." *O'Neill v. DeLaney*, 92 Ill. App. 3d 292, 298 (1980). We are unable to determine that, following the summary judgment ruling, the value of a settlement by Kalis was so grossly inadequate as compared to its worth prior to the ruling that the validity of the alleged agreement should be questioned as a matter of law. Moreover, our research has revealed no precedent from Illinois or a sister state in which a contract was held to be invalid because the consideration offered by a party has declined in perceived value to the other party. Colgate concedes that relevant authorities "have very little to say about this precise set of circumstances"; the precedent it cites, *Krell v. Henry*, 2 K.B. 740 (1903), is, in our view, sufficiently remote in time and jurisdiction to be of limited persuasive weight.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the cause for the trial court's resolution of the issue of whether Kalis' acceptance of Colgate's settlement offer came within a reasonable time.

Reversed and remanded.

FITZGERALD-SMITH, P.J., and O'MARA FROSSARD, J., concur.