WILLIAM J. BEST, as Receiver, etc., Respondent, v. NICHOLAS THIEL et al., Appellants.

Defendant T. was one of the trustees of a savings bank, to make up a deficiency in the assets of the bank, caused by a loss upon a loan made by it, he executed a mortgage to H., who assigned it to the bank. In an action to foreclose the mortgage, *held*, that T. in executing it did not thereby become a surety or obligor for moneys loaned by the bank, within the meaning of the provision of the act of 1875, in relation to savings banks (§ 21, chap. 371, Laws of 1875), which prohibits a trustee from becoming such surety or obligor; and so, that the mortgage was not invalid as violative of that provision.

The claim was made that the trustees of the bank were personally liable for the deficiency. The superintendent of the banking department informed them that they were so liable, and that this liability would be enforced unless they made up the deficiency, and upon his requirement the mortgage was executed. T. set up want of consideration as a defense. *Held*,

untenable. 1st. The seal was presumptive evidence of a consideration, which presumption was not clearly overcome. 2nd. T. was estopped from denying the legal validity of the mortgage, as it was with his knowledge and assent reported to the bank department and represented to the depositors of the bank as a portion of its assets, and upon the strength thereof and other similar securities, the bank was permitted to continue its business.

(Argued November 12, 1879; decided November 18, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought by plaintiff as receiver of the German Savings Bank, of the town of Morrisiana, to foreclose a mortgage executed by defendant Thiel and wife.

The facts appear sufficiently in the opinion.

*H. E. Sickels*, for appellant. The consideration for the bond and mortgage, if any existed, was illegal, and they were therefore void. (Laws 1875, chap. 371, § 21; 2 R. S., § 39; 2 J. Ch., 377; *Vallet* v. *Parker*, 2 Wend., 615; *Rockwell* v. *Charles*, 2 Hill, 499.) The receiver was in no more favorable position than the bank; he stood in the relation of an assignee. (*Greene* v. *Warwick*, 64 N. Y., 221; *Shafer* v. *Reilly*, 50 id., 61; *Bush* v. *Lathrop*, 22 id., 535; *Trustees, etc.* v. *Wheeler*, 61 id., 88.)

*Frederick Smyth*, for respondent. The bond and mortgage being under seal the law will presume a consideration. (3 R. S. [6th ed.], p. 672, § 124; *Torry* v. *Black*, 58 N. Y., 186; *Petrie* v. *Barckley*, 47 id., 653; *Gray* v. *Barton*, 55 id., 68; *Calkins* v. *Long*, 22 Barb., 98.) Defendant's liability as trustee, of itself furnished a sufficient consideration for the delivery of the bond and mortgage in question to the bank. (*Trustees of Hamilton Col.* v. *Stewart*, 1 N. Y., 581; *Barnes* v. *Perrine*, 12 id., 20; *Richmondville Sem'y* v. *McDonald*, 34 id., 379.) The bank department having

relied upon the statements or reports made to it by the appellant, that the bond and mortgage were valid securities, and relying upon such statements permitted the bank to continue its business ; it would, therefore, be contrary to public policy and good morals to permit the appellant now to claim that the security was without consideration and void. (*White* v. *Leslie*, 54 How. Pr., 394; *Dinkelspiel* v. *Franklin*, 7 Hun, 339; *Farrar* v. *Walker*, 3 Dillon, 506.)

EARL, J. This is an action to foreclose a mortgage executed by the defendant and his wife to one Hall and by him assigned to the savings bank of which the plaintiff has become the receiver. The defendant was one of the trustees of the bank, and there was a deficit in the assets of the bank to the amount of $70,000, and defendant executed this mortgage and had it assigned to the bank, for the express purpose of making up this deficit and thus enabling the bank to go on with its business.

The learned counsel for the appellant seeks the reversal of this judgment upon two grounds which I will briefly notice. He claims that the mortgage was given in violation of section 21 of chapter 371 of the Laws of 1875, and that therefore it is illegal and void. That section prohibits a trustee of such a corporation from becoming a surety or an obligor for moneys loaned or borrowed of such corporation. It is a sufficient answer to this claim that defendant did not become a surety or obligor for any money loaned. No money was loaned upon the faith of his mortgage. The bond and mortgage were executed to make up a deficiency in the assets of the bank, which deficiency was caused by a loss upon a loan made by the bank a long time before the mortgage was given.

The further claim is made that the mortgage was without any consideration and therefore void. To this claim there are two answers. First. The mortgage was under seal and the seal was presumptive evidence of a consideration : (3 R. S. [6th ed.], 672, § 124; *Gray* v. *Barton*, 55 N. Y., 68;

*Torry* v. *Black*, 58 id., 186.) This presumption was not clearly overcome. The defendant was one of the trustees of the bank, and there was a claim that he was personally liable for the deficiency. The bank superintendent informed the trustees that they were all so liable, and that unless they made up this deficiency, their individual liability would be enforced. It was upon this requisition of the superintendent that the mortgage was given; and if given to discharge a personal liability, it was not without consideration. It is true that there is no finding that there was such personal liability for the deficiency. Neither is there a finding that there was not. The claim of the liability was made by one in authority, and in pursuance thereof the securities were given. It is sufficient to say that the presumption of a consideration was not clearly overcome. Second. The defendant is estopped from denying the legal validity of the mortgage. It was given expressly to make up the deficit in the assets of the bank and to enable it to go on with its business. It was reported to the banking department as a portion of the assets and was in effect represented to the depositors of the bank as a portion of the assets, and all this was done by the defendant and with his knowledge and assent. It was in consequence of this and other securities given by other trustees, that the superintendent of the banking department, acting officially for the public and all the creditors of the bank, permitted the bank to continue its business. It was in reliance upon this and the other securities given, that depositors were induced to make and leave deposits in the bank; and hence, upon the clearest principles of justice and morality, the defendant should be estopped from denying the validity of this mortgage: (*Farrar* v. *Walker, Assignee*, 3 Dillon, 506, *n.*)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.