Pryor, J.
The action is against the maker of a promissory note for $50,000, payable on demand to the order of the Harlem River Bank, and the case is this: In 'November, 1893, finding the Harlem River Bank reduced in its capital, the official examiner required the deficit to be promptly supplied by a payment of cash, or else he would not suffer the bank to open again. Thereupon, a negotiation ensued between the examiner, on the one side, and the officers of the bank, on the other, in which defendant, as director, took part. The defendant and other officers were solicitous to avert the threatened closing of the bank. The result was that the examiner accepted certain notes—among them, the one in suit—as sufficient to make good the capital, and permitted the bank to continue its operations. Six months afterwards, deeming' the bank again insecure, the banking department closed it, commenced an action for its dissolution and liquidation, and meanwhile procured the appointment of the plaintiff as receiver. As such, he sues to collect defendant’s note, in order that he may apply its proceeds in discharge of the bank’s liabilities.
In answer to the action, the defendant first urges the invalidity of the note for want of consideration ; and the learned counsel in his behalf supports the contention in an argument, which, if not-convincing, is admirable, indeed, for its learning and ability. Undoubtedly, the suffering the bank to go on was, in the legal sense, of detriment to the department, because a forbearance to exercise-a legal right, Hamer v. Sidway, 124 N. Y. 538 ; 36 St. Rep. 888 ; and manifestly, also, was of benefit to the defendant, because a shareholder and depositor. 'But, says the defendant, the action is not on his promise to the department to pay in the $5,000, but on -the note given to the bank to secure such payment, and as the consideration for the note—the forbearance to close the bank—did not proceed from the promisee, the bank, but from the department, the consideration is legally insufficient. That the consideration must move from the promisee is an elementary rule of law. Thomas v. Thomas, 2 Q. B. 851; Langd. Sum. Cont. p. 80, section 63. But here the department was acting for the bank; was promoting its interest; took the note for its security; and, at its; request and for its benefit, allowed- it to continue business. The bank was seeking protection against the devastation of its officers,' and that protection the department afforded by procuring the note. But for the note the hank would have shut its doors. On the *339 faith of the note it opened them. Pro hac vice the department was the bank, and the forbearance of the department was the forbearance of the bank. In another view, the tender of the note to the bank as inducement to the Continuance of its operation was an offer by the defendant, which on acceptance by the bank, became a consummate contract,—on the one side, to open the bank, and, on the other, to pay the note.
But, argues the defendant, the bank desired to continue its business, and hence, continuing its business was of no detriment to it. But this is confounding motive with consideration, and non constat but the continuance of business was detrimental to the bank, in accumulating upon it a still heavier burden of indebtedness. Supposing, however, the consideration for the note did move from the department, and not from the bank, then we have a promise by the defendant to the department for the benefit of the bank, and it is the settled law of the state that upon such promise its beneficiary may maintain an action. Nor is the case altered by the fact that the defendant, in fulfillment of his promise to the department, executed the note to the bank, for the bank may maintain an action on the note. Rector, etc., v. Teed, 120 N. Y. 533; 31 St. Rep. 908, is an explicit adjudication of the point. The defendant replies that he made no promise to the department, but the inevitable inference is otherwise. The department demanded the note, and he gave it Assent to the request must have preceded compliance. He agreed with his associate directors to satisfy the requirement of the department, and that was a promise to the department.
Again, the defendant objects that there was no obligation from the department to the bank, and no legal or equitable claim of the bank to the benefit of the promise. Neither was there such obligation or claim in Rector, etc., v. Teed, supra, and yet the action by the beneficiary of the promise was upheld.
The defendant objects still further, that the promise of the department or the bank, whichever it be, was to forbear a reasonable time, and that six months was not such time. I cannot say that six months was not a reasonable forbearance. On the contrary, if, as I am bound to assume, the bank, when closed, was in an insolvent or insecure condition, it would have been unreasonable— nay, a violation of duty by the department—to suffer it to go on a moment longer. But suppose the forbearance was not for a reasonable time, Still, the promise was to forbear for such time,—a competent consideration for the nóte,—and hence the defense is not a defect, but a failure, of consideration, or matter of counterclaim in damages, neither of which is available, because not pleaded.
Finally, the defendant insists that the promise of forbearance, if any was ultra vires and void, and so not a valid consideration for the note ; but just such a promise was sustained in Hun v. Salter, 14 W. D. 419; in Hurd v. Kelly, 78 N. Y. 588; and in Hurd v. Green, 17 Hun, 328. Upon the strict common-law doctrine of consideration, the note is not to be upheld, and such was my opinion on the argument. But. the old technicality is relaxed in New *340 York, and stare decisis concludes me. Upon the adjudications of the New York courts, the note is a binding obligation, and enforceable at the suit of the plaintiff. Rector, etc., v. Teed, 120 N. Y. 583 ; 31 St. Rep. 908; Hun v. Salter, 14 W. D. 419, affirmed 92 N. Y. 651; Hurd v. Kelly, 78 N. Y. 588; Hurd v. Green, 17 Hun, 328; Best v. Shiel, 79 N. Y. 15. Even were the note without consideration, I should hold the defendant estopped to allege the defense. He knew all the circumstances of tne transaction, for he was an actor in it. He knew why the note was exacted, and for what purpose he gave it, namely, to enable the bank, by means of the note, to continue business, and so appear to the public as a solvent concern. Thus representing the bank to be solvent, he invited the public to repose confidence in it; and now, upon recourse to the note to redeem its pledge of the solvency of the bank, the defendant proposes to escape liability, and defraud the creditors of the bank, by pleading the invalidity and worthlessness of the very security by which he authorized the bank to beguile the public into trusting it. If ever a case of estoppel was presented, this surely is one. ■ “ The objection that the transaction was ultra vires cannot prevail against the claims of depositors who are represented by the receiver who is seeking to collect the bond, as an asset of the bank, for distribution among those for whose protection it was given.” Hurd v. Kelly, 78 N. Y. 588, 596. “ The defendant was apprised that this bond was to be .used to give credit to the bank, with the bank department and with the public, that it should be enabled to continue its business ; * * * and having allowed the bond to be treated as an asset, and the public to deal with the bank on this assumption until it has become insolvent, he is estopped from setting up the defense in question,”— i. e. the validity of the bond. Id. 597 Best v. Shiel, 79 N. Y. 15, 18 ; Hurd v. Green, 17 Hun, 327, 335.
Failing in the defense of want of consideration for the note, the defendant then contends that the action is premature, because brought before exhaustion of other assets of tne bank. But the note is payable on demand, and, while paroi evidence is competent to prove that it was not to take effect till fulfillment of a condition, such evidence, is incompetent to show a different day of payment. Browne, Parol Ev. 245, and cases. A creditor may press all his securities at once, and by the terms of the note, and the object of its existence, it was tobe a present, available resource for satisfaction of claims against the bank. “ These bonds were to continue to have the character of assets until a point of time should be reached when no deficiency from any cause existed. Until that time "they remained in full force and effect for the protection of depositors and creditors of the bank, liable to be enforced whenever an extingency should arise that would require the bank to go into liquidation by reason of insolvency.” . Hun v. Salter, 14 W. D. 419, 421. It is this contingency, exactly which requires and authorizes the collection of the note in suit.
In conclusion, the defendant insists that he is but a surety, and that the plaintiff should be compelled to resort, in the first instance to securities in his possession pledged to the payment of the *341 principal debt. A formal defect in the contention is that the an- • swer omits to demand any subrogation or marshaling of assets. But assuming such prayer for judgment superfluous, the evidence shows no case for the relief. The defendant is not a surety. His not is not a collateral. The note was given to supply a deficiency in the capital of the bank. It is an asset of the bank and is available primarily to the creditors of the bank. Cases supra. But, if the defendant be a surety, still, as already apparent, the receiver is entitled to all the securities for satisfaction of creditors; and, until the entire indebtedness of the bank be discharged, he is not compellable to forego access to any resource. 14 Am. & Eng. Enc. Law, pp. 701-706, and notes; 3 Pom. Eq. Jur. §§ 1414, 1419.
I am of opinion that the counterclaims are sufficiently established by the evidence. Judgment for plaintiff in the amount of the note, with interest, less the sum of the counterclaims.