(15 Misc. Rep. 116.)

### SICKELS v. HEROLD.

(Common Pleas of New York City and County, General Term. December 27, 1895.)

1. CONTRACTS—CONSIDERATION.
    Where the superintendent of banking forbears to close a bank whose capital stock is reduced below the amount required by law, on condition that the directors give their notes to meet the deficiency, as provided by Laws 1892, c. 689, § 17, a director is estopped, as against a temporary receiver subsequently appointed, from questioning the validity of a note so given, either for want of consideration, or on the ground that the cashier had agreed that the note was not to be enforceable until the deficiency should be ascertained. 32 N. Y. Supp. 1083, affirmed.

2. SUBROGATION—WHEN RIGHT EXISTS.
    A bank director who gives his note to secure certain questionable assets of the bank is not entitled to subrogation with respect to such assets until he has paid the note.

3. BANKS AND BANKING—INSOLVENCY—SET-OFF.
    Where a depositor is sued by the temporary receiver of a bank on a note payable thereto, set-off to the amount of his deposit may be allowed defendant, on application to the court. People v. St. Nicholas Bank, 28 N. Y. Supp. 114, 76 Hun, 522, followed.

4. SAME—INTEREST ON DEPOSIT.
    In an action by the temporary receiver of a bank against a depositor, on a note payable to the bank, where the amount of defendant's deposit, which bears no interest is allowed as a set-off, the receiver will not be required to pay interest thereon, in the absence of proof that the money earned any interest while in his hands.

Appeal from trial term.

Action by David B. Sickels, as temporary receiver of the Harlem River Bank, of the city of New York, against George Herold, on a promissory note for $5,000, dated November 9, 1893, made by defendant to the order of the Harlem River Bank, payable on demand. From a judgment in favor of plaintiff, entered on the decision of the judge without a jury for $3,624.61 (32 N. Y. Supp. 1083), defendant appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Charles E. Hughes and Seward Baker, for appellant.
George M. Mackellar and Lexow, Mackellar & Wells, for respondent.

DALY, C. J.    At the time defendant made the note in suit he was a director of the Harlem River Bank, the payee, and the note was one of several aggregating $50,000, made by the directors, secured by collateral, and delivered to the bank to make good an impairment of its capital, which had been found by the state superintendent of banking, acting under the provision of the general banking law, which provides that, whenever he shall have reason to believe that the capital stock of any corporation or individual banker, subject to the provisions of the act, is reduced by impairment, or otherwise, below the amount required by law, or by its certificate or articles of association, he shall require the corporation or banker to make good the deficiency.    Laws 1892, c. 689, § 17.    Acting under this statute, the superintendent, in November, 1893, caused the chief examiner of the banking department to investigate the condition of the Harlem River Bank.    The examiner objected to certain securities, to the nominal value of $65,000, which he found among the assets of the bank, and which he deemed impaired the capital of the bank to the extent of $50,000.    He announced that he would have to close the bank, unless the directors made the impairment good by cash, or by their notes secured by mortgages; and thereupon the note in suit, with others, were given by the directors, in order that the bank might continue business, which it did until April 26, 1894, when it was closed by the superintendent of banking.    The plaintiff was appointed temporary receiver of the bank in May, 1894, and received the notes among the other assets of the bank.    It thus appearing that the notes in question were delivered by the directors to the bank to make up an impairment of its assets, in order to satisfy the superintendent of banking, and secure his sanction to continue the business of the bank, and to give it credit with the public for the receiving of deposits and doing its general business, the makers of the notes are estopped, as against the receiver, who represents the creditors of the bank, from alleging want of consideration.    They are also estopped from contesting their liability, on the ground of the alleged agreement between them and the cashier of the bank that the notes were not to be enforceable until the deficiency upon the rejected securities should be ascertained.    Hurd v. Kelly, 78 N. Y. 588; Best v. Shiel, 79 N. Y. 15.    In the case first cited the defendant executed a bond to a bank whose assets were impaired, to enable it to continue business, with the request, on the part of the obligors, that it should do so, and with the knowledge of the bank department.    The defenses of want of consideration, that the transaction was in violation of public policy, that there was a fraudulent suppression and concealment by the bank officials of its true condition, and that the bond was delivered upon condition that others should execute it, who failed to do so, were all overruled; and it was not only held that the instrument was made upon good consideration, but that the obligor was estopped from setting up those defenses; the court saying that the dealings between him and the officials of the bank ought not in justice to be allowed to affect the security given by him for the protection of those dealing with the bank, and who must be presumed to have relied thereon in their dealings, and that, having allowed the note to be treated as an asset, and the public to deal with

the bank, on this assumption, until the bank had become insolvent, he was estopped from setting up the defenses.    Hurd v. Kelly, above. In the second case a mortgage had been given to the bank, upon requirement of the bank department, to make up a deficiency in the assets, and enable the bank to continue business; and it was held that, as it was in consequence of this and other securities given by the trustees that the superintendent of the banking department, acting officially for the public and all the creditors of the bank, permitted it to continue its business, and that, in reliance upon this and other securities, depositors were induced to make and leave deposits in the bank, it was upon the clearest principles of justice and morality that the defendant should be estopped from attacking the validity of the mortgage.    Best v. Shiel, above; citing Farrar v. Walker, 3 Dill. 506, note, Fed. Cas. No. 4,679.

These authorities dispose, not only of the defense of want of consideration, but of an agreement that the notes should not be enforceable until the amount of deficiency upon the rejected assets was ascertained.    The creditors and depositors cannot be affected by such an arrangement.    But, treating the defendant and the makers of the other notes as sureties entitled to subrogation with respect to the $65,000 of .questionable assets which their notes were intended to secure, the receiver's right to hold such assets until the whole indebtedness of the sureties is paid cannot be disputed, and, until payment of the whole $50,000 by the sureties, they are not entitled to such assets.    Farebrother v. Wodehouse, 23 Beav. 18; Grubbs v. Wysors, 32 Grat. 127; Receivers v. Wortendyke, 27 N. J. Eq. 658; 14 Am. & Eng. Enc. Law, 701, etc.

The defendant was allowed, as an offset or counterclaim, the amount of his deposit in the bank, but without interest.    Interest was disallowed, on the ground that, until demand or actual insolvency of the bank, the deposit was not due and payable, and interest did not run upon the claim.    Set-off may be allowed, as against a temporary receiver, on application to the court (People v. St. Nicholas Bank, 76 Hun, 522, 28 N. Y. Supp. 114); and such application may be deemed to have been made at the time of the service of the answer setting up the counterclaim; but, as the defendant's deposit in the bank did not bear interest, there seems to be no ground for requiring the receiver to pay interest, in the absence of proof that he had earned any while the money remained in his hands.

Judgment and order appealed from must be affirmed, with costs. All concur.