[L. A. No. 2390. In Bank.—October 1, 1909.]

## LOMPOC VALLEY BANK (a Corporation), Respondent, v. H. S. STEPHENSON et al., Appellants.

GUARANTY INDORSED ON NOTE—CONSIDERATION,—PAROL EVIDENCE INADMISSIBLE TO VARY.—The loan of the money for which a promissory note is given is an adequate and valuable consideration for a cotemporaneous written agreement indorsed on the note absolutely guaranteeing its payment; and in an action on such guaranty, parol evidence is not admissible, in the absence of fraud or mistake, to show that the guaranty was conditioned upon the payee of the note obtaining other security from the maker.

ID.—WANT OR FAILURE OF CONSIDERATION.—Want of consideration or failure of consideration may be proved in a proper case, but in the absence of fraud or mistake parol evidence cannot be permitted to vary the terms of a written contract.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Denis & Loewenthal, for Appellants.

William G. Griffith, for Respondent.

BEATTY, C. J.—June 10, 1905, the plaintiff loaned to one Hobson the full sum of twenty-eight hundred dollars, for which he executed his promissory note payable September 1, 1906. At the same time and place that the loan was made, and before the delivery of the note to plaintiff, the defendants signed the following guaranty indorsed thereon: "The payment of the within note and interest is hereby guaranteed. Dated June 10th 1905." Part only of the loan has been repaid, and this is an action in the usual form against the guarantors to recover the unpaid balance. In defense of the action the defendants pleaded a failure of consideration. The substance of their plea was that their contract of guaranty was executed upon the express consideration that the plaintiff would indemnify them or protect them from any liability upon their guaranty by taking a first mortgage on personal property of Hobson of greater value than the amount of his note, which they

failed to do. At the trial the superior court excluded the evidence in support of this plea and rendered judgment in favor of the plaintiff. Defendants, appealing from the judgment, contend that this ruling was erroneous. We do not think so. The loan of the money was a valuable and adequate consideration for the guaranty of repayment, and what defendants offered to prove by parol was not a failure of consideration but a cotemporaneous oral agreement which would convert their absolute agreement in writing into a merely contingent agreement. This cannot be done. Want of consideration or failure of consideration may be proved in a proper case, but in the absence of fraud or mistake parol evidence cannot be permitted to vary the terms of a written contract.

The judgment is affirmed.

Angellotti, J., Shaw, J., Lorigan, J., Melvin, J., and Sloss, J., concurred.