FIRST NATIONAL BANK OF SCRIBNER, APPELLEE, V. GEORGE A. GOLDER ET AL.; OSCAR C. HOPPER, APPELLANT.

FILED MAY 23, 1911.    No. 16,467.

1. Appeal: STRIKING PARAGRAPH OF ANSWER. An order striking a paragraph from an answer is not erroneous, where the matter thus eliminated is pleaded in other parts of the same answer.

2. ———: INSTRUCTIONS: WAIVER. On appeal, a defense that the note on which the action is based was never delivered is unavailing, where defendant failed to except to an instruction that the delivery is conclusively established by the evidence.

3. ———: CONFLICTING EVIDENCE. A fact determined by a jury upon conflicting evidence is conclusive on appeal, unless the finding is manifestly wrong.

4. Notes: CONSIDERATION. A consideration moving to one of several joint makers of a promissory note is good as to all.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*Henry M. Kidder,* for appellant.

*G. L. Loomis* and *H. C. Maynard, contra.*

Rose, J.

This is an action on a promissory note for $263.50, dated July 11, 1905, and due September 1, 1906. The names of the makers are George A. Golder, Charles K. Huntington and Oscar C. Hopper. J. L. Reinard was payee, and he immediately indorsed the note to the First National Bank, Scribner, of which he was cashier. The summons was served on Hopper alone, and. he is the only answering defendant. A trial resulted in a verdict and judgment against him and in favor of the bank for the amount of the note and interest, and he has appealed to this court.

Hopper admitted that he signed the note, but pleaded that he did so without consideration. The nature of his defense is shown by the third and fourth paragraphs of his answer, which are as follows:

"3. This defendant for a further defense to plaintiff's action alleges that the said promissory note was executed by defendant George A. Golder as one part of an executory contract; that the said contract was an application for life insurance made to the Security Mutual Insurance Company of Lincoln, Nebraska, which, together with the promissory note described in plaintiff's petition, was a proposition to the said insurance company to issue its policy of insurance upon the life of said George A. Golder; and that, at the time of the signing of the said promissory note by this defendant, the said application for insurance and the said promissory note had not been submitted to the said Security Mutual Insurance Company and had not been accepted by the said insurance company, and the . said Security Mutual Insurance Company had not issued its policy upon the life of defendant George A. Golder. Therefore this defendant alleges that the. said promissory

note was without consideration, and the said promissory note was not delivered, and therefore void; and that the plaintiff knew of the facts herein alleged, and plaintiff was not at that time, and is not now, the owner and holder of the said promissory note in good faith.

"4. This defendant, for a further defense to plaintiff's action, alleges that he signed the said promissory note upon the request of plaintiff, through J. L. Reinard, its cashier and managing officer, and for the accommodation of said J. L. Reinard and the plaintiff, and upon the representations made by the said J. L. Reinard for himself and the plaintiff that the said George A. Golder, the maker of said note, was solvent, that there was no liability upon the part of this defendant by signing said note, and for the accommodation of said J. L. Reinard and plaintiff that the said note would bear the name of a resident of Dodge county, Nebraska, so that the note would pass the examination of the bank inspectors and be approved; that the signing of said note by this defendant was without the knowledge or consent of defendant George A. Golder, or of the said Security Mutual Insurance Company; that, depending upon the representations made by the said J. L. Reinard, as herein set out, and upon the request, as herein alleged, this defendant signed the said note; that, because of the matters herein alleged that as accommodation maker for the accommodation of the plaintiff and J. L. Reinard, there is no liability on the part of this defendant to the plaintiff on the said promissory note; that, because of the representation on the part of said J. L. Reinard that there was no liability on the part of this defendant by signing the said note, the plaintiff is estopped from now asserting that there is now a liability; that plaintiff is estopped from alleging that this defendant is a surety on said note for defendant George A. Golder, or is a joint maker with the said Golder."

1. On motion of plaintiff, the court struck from the answer the fifth paragraph thereof, and of this ruling complaint is made. The allegations herein quoted from

the answer contain in a different form the substance of the paragraph eliminated in the manner stated. For this reason, the judgment will not be reversed on the ground urged.

2. A considerable portion of defendant's argument is devoted to the defense that the note was never delivered. It is insisted that non-delivery is established by the evidence. Defendant admits that he signed the note. The proof that it was duly delivered is at least sufficient to sustain a finding against defendant on this issue. The jury were instructed: "The execution and delivery of this note to the plaintiff by defendant Hopper is conclusively established by the evidence." No objection was made to the giving of this instruction. Having been satisfactory to defendant when the case was submitted to the jury, it is now too late to urge the defense that there was no delivery.

3. The judgment is also assailed as erroneous because the evidence, from the standpoint of defendant, establishes the fact that he signed the note for the accommodation of plaintiff at the request of plaintiff's cashier, relying upon the latter's statement that Golder, the maker, was solvent, and upon an agreement that he assumed no liability. Defendant adduced testimony tending to establish this defense, but the material proof in support of it is directly contradicted by plaintiff's cashier. There is also proof of these facts: Huntington was an agent of the Security Mutual Insurance Company, and as such procured Golder's application for life insurance in the sum of $5,000. The applicant could not pay the first year's premium in cash and the note was executed to raise money for that purpose. The assurer did not accept notes for premiums. To meet the emergency, Huntington asked the bank to discount the note when it bore the signatures of himself and Golder. The bank rejected such security as insufficient. Hopper is a physician, and was at the time an examiner for the assurer named. He signed the note at the solicitation of Huntington to make it bankable, and became liable to plaintiff for its payment. Im-

mediately afterward, the bank discounted the note and sent the proceeds to the insurer. The latter received the money and sent the policy to Golder. The insurance was in force until forfeited for nonpayment of the second year's premium.

The issue to which this conflicting testimony was directed was submitted to the jury, and their finding was against defendant. For the purposes of review, it settled the fact adversely to him.

4. The following instruction is challenged as erroneous: "If the jury believe from the evidence that the defendant Hopper signed said note at the request of one of the other signers, Huntington, then in that case the consideration received by the other signer, Golder, would be a sufficient consideration for the defendant Hopper for signing said note, and the defendant Hopper in that case would be liable for the full amount of said note and interest thereon."

This instruction was applicable to the evidence, and was not prejudicial to defendant, when considered with another instruction in which the jury were directed to return a verdict in his favor, if they believed from the evidence that he signed the note at the request of plaintiff for the purpose of making it conform to the requirements of the bank examiners, with the understanding on part of plaintiff that defendant was not to become liable on it. The instruction quoted is in harmony with the rule that a consideration moving to one of several joint makers of a promissory note is good as to all.

All questions presented have been considered and no prejudicial error has been found in the record.

AFFIRMED.

FAWCETT, J., not sitting.