[Civ. No. 5786. First Appellate District, Division One.—August 21, 1928.]

LIBERTY BANK, Appellant, v. J. ERNST, Respondent.

Ross & Ross, Maurice T. Dooling, Jr., and F. A. Devlin for Appellant.

Fletcher A. Cutler for Respondent.

562

CASHIN, J.—An action on a promissory note executed by defendant Ernst to the California Bank of San Mateo and transferred after maturity to the plaintiff.

The answer, which denied that the note was given for value, alleged that the instrument was executed at the request of R. J. Falvey, who, as the cashier and manager of the payee bank, by false and fraudulent representations induced the defendant to agree to purchase certain stock in the Nonnenmann Motor Co.; that Falvey agreed to obtain a loan from the payee for the amount of the purchase price of the stock, namely, $1,500, and pursuant to the agreement a note for that amount was prepared by Falvey and presented to the defendant, who signed it, and that the same was delivered to Falvey as cashier and manager of the payee; that Falvey further agreed to credit the proceeds of the loan to the defendant's account with the payee, which he failed to do, and that as such cashier and manager he appropriated the whole to his own use and to that of the payee and the Nonnenmann Motor Co. A jury returned a verdict for the defendant, and from the judgment entered thereon the plaintiff appealed.

It is contended that the exclusion of certain evidence and the refusal of a part of an instruction offered by the plaintiff, together with the giving of an instruction proposed by the defendant, were prejudicially erroneous.

It is conceded that the proceeds of the note were not credited to the account of the defendant, and his testimony supports the allegations respecting the representations and agreement made by Falvey. It appears, however, that the note was not executed at the bank or presented to the defendant by Falvey but by one W. B. Hyder, to whom after the same had been signed the defendant delivered it. It also appears that Hyder was interested in the Nonnenmann Motor Co. and that the note was delivered to the bank by him. Falvey denied that the representations or agreement alleged were made or that the note was executed for the purpose claimed by the defendant. ■ The plaintiff then sought to prove that the facts of the transaction were as follows: That shortly before the execution of the note Elwood Nonnenmann, who was accompanied by Hyder, applied on his own behalf and that of the motor company to the payee bank for a loan of $1,500; that the amount

which the bank was permitted to loan to an individual had already been borrowed by Nonnenmann and the motor company, and the request was refused; that Nonnenmann having stated to Falvey that the defendant was going into the company, then proposed to Harden Hatch, the president of the bank, that a loan of the above amount be made on the note of defendant, which Hatch on behalf of the bank agreed to do provided the defendant upon investigation proved to be financially responsible. This fact having been ascertained Hatch prepared the note in question and delivered it to Nonnenmann for defendant's signature; that in the meantime Hyder, as a temporary accommodation to the motor company pending the investigation mentioned, executed his note to the bank for a like amount, which was credited to the account of the company; that the note prepared by Hatch was subsequently executed by the defendant and delivered to the bank without other instructions, and that credit therefor was given to the motor company and the Hyder note canceled.

The witness Falvey was permitted over objections to testify to certain of the above matters, but subsequently this testimony was stricken out and the jury instructed to disregard it. The plaintiff thereupon made its offer, which the court excluded.

It appears from the record to have been the theory of counsel for the defendant, whose objection the court sustained, that the offered evidence was incompetent, as it related to a transaction occurring out of the presence of the defendant and which he was not shown to have authorized. Although a party litigant cannot be concluded or his rights affected by the acts or statements of strangers, yet in so far as such acts or statements furnish circumstantial evidence of relevant facts, or have any legal operation material to the subject of inquiry, evidence thereof is admissible (Wigmore on Evidence, 2d ed., sec. 1770; 22 Cor. Jur., Evidence, secs. 313, 314, pp. 287, 288); and where, as here, the excluded evidence with the testimony of the cashier tended to show that contrary to the claim of the defendant the latter was an accommodation maker of the note, and that the payee acquired the same for value without notice in a transaction which was free from fraud, such evidence was admissible, and it was unnecessary to show that the defendant was present when the transaction oc-

curred, it being sufficient that he should have signed the note and placed it in the possession of the motor company, thus conferring upon it ostensible authority to use it (*Tischhauser* v. *Prentice*, 30 Cal. App. 699 [159 Pac. 226]; *Boston Steel & Iron Co.* v. *Steuer*, 183 Mass. 140 [97 Am. St. Rep. 426, 66 N. E. 646]; *Bank of Commerce and Savings* v. *Randell*, 107 Neb. 332 [21 A. L. R. 1360, 86 N. W. 70]), as the offered evidence tended to show was done. This evidence, with the testimony of the cashier which it corroborated, was, if believed by the jury, sufficient to support a finding adverse to the claim that the note was fraudulently procured by the payee, and its exclusion was prejudicially erroneous.

■ Defendant contends that the offer of proof was insufficient, citing *Rose* v. *Doe*, 4 Cal. App. 680 [89 Pac. 135], and *Biddick* v. *Kobler*, 110 Cal. 191 [42 Pac. 578]. As there held, a general offer to prove a variety of things without producing a witness or segregating the different items, or, if the witness be present, without putting a question to him in such form as to give an opportunity for an objection, are sufficient grounds for refusing the offer. In the present case, however, the cashier of the payee was on the witness-stand when the offer was made, and its president, who participated in the transaction sought to be proved, was in court. Under such circumstances the offer was sufficient.

■ Defendant further claims that the testimony of the cashier was not stricken out; that all the material facts contained in the offer of proof were testified to by him and passed upon by the jury.

The record shows that all the testimony of the cashier relating to the transaction between the payee and the motor company was admitted subject to objection, the court stating that the same would be stricken out if the defendant was not shown to be connected therewith. The offer of proof included the facts in the above connection to which the cashier had testified, and the court in ruling upon the offer said: "The offer is denied. The jury will be instructed not to consider that evidence in any way. . . ." Subsequently the following instruction was given: "You are not to consider any evidence that the court has ruled inadmissible." The above sufficiently shows defendant's contention to be untenable.

The portion of the instruction which the plaintiff claims was erroneously refused applied only to the facts of the transaction between the payee bank and the motor company; and after Falvey's testimony respecting the transaction had been stricken out this portion of the instruction was inapplicable to the evidence which remained for the jury's consideration, and its refusal was proper (*People* v. *Cochran*, 61 Cal. 548; *Meyer* v. *Foster*, 147 Cal. 166 [81 Pac. 402]).

Plaintiff further contends that an instruction given for the defendant had the effect of taking from the jury the question whether Falvey, in making the representations and promises alleged, was acting within the scope of his authority, together with the other questions presented in the offer of proof. In so far as it had the latter effect it was not improper; nor was it prejudicially erroneous in view of other instructions by which the jury were told that the implied authority of a cashier is limited to acts done in the usual and ordinary course of business, and that Falvey had no implied power to represent the bank in stock-selling transactions, and any promise in reference to a sale of stock not within the ordinary course of the bank's business was not binding upon it.

The record discloses no error warranting a reversal of the judgment other than the ruling by which competent, material evidence constituting substantially the entire case for the plaintiff in rebuttal was excluded. This evidence, with the testimony of Falvey denying the alleged fraud, was sufficient, if believed by the jury, to have supported a verdict for the plaintiff, and its rejection was prejudicial to a degree requiring a reversal of the judgment.

The judgment is reversed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 20, 1928, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 18, 1928.

All the Justices concurred.