[Civ. No. 8936.  Second Appellate District, Division Two.—January 30, 1935.]

J. E. KOEBERLE, Respondent, v. MINNA K. HOTCH-KISS et al., Appellants.

Frank P. Doherty, William R. Gallagher and Harold Hotchkiss for Appellants.

Stewart, Shaw & Murphey and Arvin B. Shaw, Jr., for Respondent.

SCOTT, J., *pro tem.*—Plaintiff sued to recover for services rendered to defendants in connection with certain oil-bearing property owned by them and leased to a corporation to enable the latter to produce therefrom oil and gas. From judgment for plaintiff this appeal is taken by defendants.

It is first contended that "the trial court committed prejudicial error in refusing to permit defendants to show the true consideration for plaintiff's agreement" under the terms of which the latter recovered. The agreement between the parties, dated October 3, 1921, recited substantially that in consideration of ten dollars and for valuable services *rendered* by J. E. Koeberle in connection with the leasing of the land in question, by defendants to said corporation, defendants "agree and shall pay to J. E. Koeberle, his *heirs, executor, administrator* and assigns ten per cent of the full amount of cash and oil bonuses when and as received by us or either of us account of said lease and ten per cent of any and all royalties" so received. The lease was executed next day by defendants and said corporation; the latter entered into possession of the property, drilled wells and produced and saved oil and gas, and said corporation and its assignee paid royalties when due, up to August 20, 1928. Notice of cancellation of the lease had been served on the corporation August 17, 1928. Royalties were paid by the corporation to defendants on the twentieth day of May, June, July and August, respectively, in 1928, being in such sums that ten per cent thereof would equal the amounts to which the court found plaintiff was entitled under his contract and for which he recovered judgment. Defendants resisted payment of these amounts and claim that the contract between them and plaintiff was not correct in referring to the latter's services as having been rendered in the past; that the true consideration for the agreement was intended to be continuing services rendered by plaintiff during the life of the lease, and that since he had not been rendering such services during the time that these last four installments of royalty were being earned and paid, he was not entitled to his ten per cent of them.

Plaintiff testified that he had kept in touch with the field during the entire time. Objection was sustained to a question addressed to him by defense counsel as to whether "at the time of entering into this agreement" he had promised

defendants he would keep in touch with operations on the field and keep them informed and advised as to lessee's acts. It is not clear from the record, and counsel did not state, what answer defendants expected to elicit from plaintiff. When one of the defendants was called in her own behalf she was asked: "How long did you live in Mexico prior to 1921?" Objection was interposed and some colloquy between court and counsel ensued, followed by defense counsel's declaration, "I will not press it, your honor." These two questions are the essential basis for defendants' contention. We have considered them in the light of the other testimony to which our attention has been called and which we have gleaned from the transcript, and have weighed the argument and discussion to discover the view of the parties concerning the law. The record does not disclose that plaintiff did not in fact keep defendants informed as to the progress of work and conduct of lessee on the premises, nor have we any intimation as to the detriment, if any, suffered by defendants by reason of any wilful or inadvertent failure of plaintiff to promptly convey complete information concerning these matters to defendants. We have nevertheless considered the legal propositions advanced by appellants to discover whether the trial court should have permitted the questions to be answered.

The answer did not specifically set up the defense that the true consideration was other than that contained in the agreement, but we have assumed that the pleadings sufficiently tendered the issue by the denials they contained. ▮ Under section 1962, subdivision 2, Code of Civil Procedure, the recital as to the consideration for a written instrument is not deemed conclusive and may be assailed. It is apparent that what defendants herein were seeking was to vary the terms of the written agreement by parol evidence, contrary to section 1856 of the Code of Civil Procedure. The written contract described the consideration as services *rendered,* not to be rendered in the future, and it is not disputed that plaintiff had done all the acts and performed all the services that the parties understood he had done and performed up to the time when the contract was made. That both parties knew and understood that the consideration was for past services is clearly confirmed by the term of the agreement which provided for such pay-

ments of the percentage of the royalty to be made to plaintiff's ''heirs, executor, administrator and assigns''. It would be unreasonable to say that such payments therein provided should be made contingent upon performance of services when it is shown that they were to continue after the death of the party who is obligated to perform. The written contract is not declared to be uncertain nor ambiguous, nor is it attacked upon the ground of fraud, mistake or accident. It appeared to the trial court that what defendants were seeking to do was to prove an additional clause in the contract obligating plaintiff to keep in touch with the operations on defendants' land and to keep them informed concerning the acts of the corporation lessee and making the payment of the percentage of royalty which was unconditionally promised in the contract contingent upon these future services to which no reference was made in the written agreement.

''Want of consideration or failure of consideration may be proved in a proper case, but in the absence of fraud or mistake parol evidence cannot be permitted to vary the terms of a written contract.'' (*Lompoc Valley Bank* v. *Stephenson,* 156 Cal. 350 [104 Pac. 449].) As the court said in *Hendrick* v. *Crowley,* 31 Cal. 471, at page 476: ''There is no doubt but that parol evidence is admissible for the purpose of contradicting or showing that the true consideration is other and different from that expressed in the written instrument. But this is not a rule but an exception to the rule that the legal effect of a written instrument cannot be varied or defeated in whole or in part by parol evidence. The exception should never be allowed to override the rule, for that would be to dispense with the rule entirely and preserve only the exception.'' The proposal of appellants herein, construing the record in the light most favorable to the view they now advance, would inject a new, different and contingent obligation into the contract, and would impeach or destroy the instrument. No authority cited would support such a course. As said in *Harding* v. *Robinson,* 175 Cal. 534, page 542 [166 Pac. 808]: ''The well-recognized limitation upon the right of a party to vary by parol evidence the terms of a contract and prove the true consideration is well declared as follows: 'Where the statement in a written instrument as to the consideration is

more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for the party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the consideration for the contract must stand upon the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence.' '' (See 10 R. C. L., p. 1044, secs. 238, 239.) ''While the recitals of consideration in written instruments are not conclusive as to the amount or character or payment of the consideration, when these latter matters are the subject of litigation, evidence of want of consideration or of a different consideration is not admissible for the purpose of varying, contradicting and defeating covenants by which rights are expressly vested.'' (*Arnold* v. *Arnold*, 137 Cal. 291 [70 Pac. 23]; *Leonard* v. *Miner*, 120 Cal. 403 [52 Pac. 655].) Where such an alleged parol agreement changes the terms of a written contract and reduces it from an absolute to a conditional or contingent obligation, ''it makes for the parties another and different agreement'' (*First National Bank* v. *Fickert*, 51 Cal. App. 99 [196 Pac. 112]), and it is not admissible for that purpose.

Defendants further suggest that plaintiff was not entitled to maintain the action for the reason that he was not a licensed real estate broker during 1928, when the royalties here sued on were paid. It is not questioned that he was so licensed in 1921, when the agreement and lease were executed. We find nothing in this point which merits discussion, since the maturing of defendants' obligation to plaintiff as the installments were paid in by the lessee required no act on the part of plaintiff which would come within the purview of the Real Estate Brokers Act (Deering's Gen. Laws, 1923, p. 25; Stats. 1919, p. 1252).

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 28, 1935.